FILED
DEC 0 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAY MOLZEN,
 Reg. No. 09229-041
 P.O. Box 33
 Terre Haute, IN  47808
  Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS
 320 First Street N.W.
 Washington, DC  20534
  Defendant.

CASE NUMBER  1:05CV02360
JUDGE: Unassigned
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 12/08/2005

COMPLAINT PURSUANT TO THE
PRIVACY ACT OF 1974

CASE RE-ASSIGNED
KENNEDY, JR. J. H
TO:

COMES NOW plaintiff, Michael Jay Molzen, pro se, and states the following as his cause of action:

JURISDICTIONAL STATEMENT

(1) This cause of action arises from violations of the Privacy Act of 1974, codified under Title 5 U.S.C. § 552a(e)(5), where it states: "Each agency that maintains a system of records shall -- ... maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

(2) Whenever the agency violates the above section, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction

RECEIVED
NOV 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

in the matters under the provisions of this subsection."

(3) The plaintiff was sentenced in the United States District Court for the District of Minnesota and is presently incarcerated at FCI Terre Haute, Terre Haute Indiana.

(4) The Federal Bureau of Prisons (BOP) prepares and maintains a system of records pertaining to offenders who are sentenced to imprisonment by the United States District Court for the District of Minnesota.

(5) Upon plaintiff's sentencing in the United States District Court and designation to an institution within the BOP, the court forwarded copies of plaintiff's presentence investigation report (PSIR) and Judgment in a Criminal Case (Judgment) to the BOP.

(6) The defendant is an agency within the Federal Executive Branch of the United States Government and has its "Central Office" in Washington DC.

## COUNT I

(1) The facts contained in paragraphs 1 through 5 of the jurisdictional statement are incorporated and fully set forth herein.

(2) At plaintiff's sentencing hearing (Criminal Case No. 00-CR-25-02 JMR/FLN), the United States District Court, inter alia, overruled the finding of the PSIR that plaintiff's arrest conduct rose to a level of "reckless endangerment," instead finding the conduct provided an enhancement for obstruction of justice, a non-violent classification (moderate severity)

in the BOP Program Statement that determines custody classification.

(3) Within the Judgement, the controlling document for plaintiff's ongoing incarceration, it states: "The Court adopts the factual findings and guideline applicaiton as indicated in the presentence report, <u>except as indicated at the hearing</u>." (Emphasis added).

(4) The BOP has ignored plaintiff's repeated requests to look to the Judgment of the United States District Court, along with its findings and recommendations, and continues to use the reckless endangerment determination found in the PSIR in providing a greatest severity offense classification and increased custody. Plaintiff has personally presented the BOP with court documents and transcripts supporting his claims.

(5) The greatest severity offense classification, made solely upon the reckless endangerment claims alleged in the PSIR is keeping plaintiff well beyond reasonable visiting distance from his family and away from valuable educational opportunities, contrary to the recommendation of the United States District Judge and policy of the BOP for near release designation.

(6) The BOP found that delegating all responsibility for corrections to the PSIR with the United States Probation Office that prepared the document meets the requirements of the Privacy Act, allegedly as provided in <u>Sellers v BOP</u> 959 F.2d 307 (DC Cir. 1992).

(7) All requests and correspondence with the United States Pro-

3

bation Office that prepared the PSIR have gone unanswered.

(8) Plaintiff made requests for correction of information in his BOP file, pursuant to the Privacy Act of 1974, with FCI-Terre Haute and the Central Office of the BOP.

(9) In response to these Privacy Act requests were denied, and use of the Administrative Remedy Program recommended to appeal these denials, as the use of United States Probation Office requests for correction was deemed sufficient and appropriate.

(10) Even when plaintiff presented BOP policy that provides that "USPO procedure, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after sentencing since it is a court document," (PS5800.11, § 15(c)) the Regional Office continued to deny any claim under the Privacy Act, finding the actions of the institution appropriate. This response, however, acknowledged that the "PSIR falls within the jurisdiction of the United States District Court, [plaintiff's] concerns regarding any information contained in this document must be addressed with the Court," but did not acknowledge that this issue was already addressed by the District Court, prior to the document being filed in BOP control.

(11) Plaintiff addressed the above inconsistancies with the BOP's Central Office, the final stage in the exhaustion of the Administrative Remedy process. The Central Office failed to respond in a timely manner to this Administrative appeal, as plaintiff never received a response, allowing more than 30 days past the time required for responses under the Code of

4

Federal Regulations.

## CONCLUSION

The PSIR alleged that plaintiff acted in a manner to provide an enhancement for reckless endangerment. Based upon this finding the BOP increased plaintiff's custody classification to provide for a greatest severity violent offense to a controlled substance offense that would otherwise be scored as a moderate nonviolent offense allowing for low custody incarceration, as recommended by the U.S. District Judge at sentencing. The Judge also found that the plaintiff did not act in such a violent manner the night of his arrest when he fled law enforcement. The Judge instead found that plaintiff obstructed justice by these actions. Obstruction of justice, within BOP classification, is to be scored as moderate and nonviolent. This information was clearly provided in the sentencing transcripts and included within the Judgment to be acted upon by the BOP, allowing for a finding of fact different than that provided in the PSIR.

Plaintiff presented the BOP with this issue on a number of occassions, asking "Unit Team," those staff responsible for classification decisions, for custody reclassification due to the findings of the Court to allow for near release transfer to FCI-Waseca to be closer to his family and to allow increased educational opportunities, as recommended by the Judge in the sentencing hearing. Plaintiff finds this to clearly be an adverse determination based upon facts in the record that, presented directly from the plaintiff and verifiable from the official court

documents presented them, provide that the information being used for such determinations are incorrect by the findings of the court.

Plaintiff finds <u>Sellers v BOP</u>, supra, persuasive upon the statement that "[a]s long as the information contained in an agency's file is capable of being verified, then, under sections (e)(5) and (g)(1)(C) of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. If the agency wilfully or intentionally fails to maintain its records in that way and, as a result, it makes a determination adverse to an individual, then it will be liable to that person for money damages." <u>Id.</u> 959 F.2d at 312.

WHEREFORE plaintiff prays that this Honorable Court find that the BOP has wilfully or intentionally denied correction of information, verifiable through official U.S. District Court documents, and has continued to use this incorrect information to adversely determine plaintiff's custody classification, keeping him far away from his family and state of release, as well as ignoring the recommendation of the Court to provide incarceration at FCI-Waseca. Plaintiff has provided clear and convincing proof that the BOP has violated the provisions and mandates of the Privacy Act of 1974 and liable for damages as provided under this Act.

Plaintiff furthermore states that he is proceeding in this matter pro se and is untrained and unsophisticated in ways of law and pleading. As such plaintiff prays that the facts stated in this cause be construed to provide any and all relief as allowed under the law as the court may deem just and appropriate in the circumstances.

Respectfully submitted,

*[signature]*

Dated: November 13, 2005

Michael Jay Molzen, pro se
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN    47808

## ATTESTATION

THIS WILL CERTIFY that the above Complaint Pursuant to the Privacy Act is true and correct, under the penalty of perjury, as allowed under Title 28 U.S.C. § 1746.

*[signature]*

Michael Jay Molzen, affiant