IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JAY MOLZEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2360(HHK) |
| | ) |
| FEDERAL BUREAU OF PRISONS | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR AN ENLARGEMENT OF TIME**

The defendant, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves the Court for a 60 day enlargement of time to answer or otherwise respond to the complaint up to and including June 9, 2006.

The defendant intends to file a dispositive motion in response to the complaint. A response is presently due April 9, 2006. The complaint is being handled by the correctional facility in Terra Haute, Indiana, which houses the most comprehensive medical facility for seriously ill inmates and the many death row inmates. The legal staff consists of one lawyer and two paralegals who are experiencing a serious backlog of cases compounded by the need to provide day to day advice on a wide-range of issues. Due to the backlog, it is unlikely that they can provide the U.S. Attorney's Office a litigation report and a draft declaration until the end of May. Counsel for the

defendant will need additional time thereafter to finalize the declaration(s) and prepare the dispositive motion.

Plaintiff is a pro se prisoner and was not consulted regarding this motion. This motion is made in good faith and is not intended to unduly delay the final resolution of the case.[1]

Wherefore, it is respectfully requested that the defendant have up to and including June 9, 2006 to respond to the complaint and file a dispositive motion.

Respectfully submitted,

\_\_\_\_\_/S/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


\_\_\_\_\_/S/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_\_\_\_/S/_____
DIANE M. SULLIVAN, D.C. Bar #12765
Assistant United States Attorney
555 4TH St., N.W.,
Civil Division
Washington, D.C.  20530
(202) 514-7205

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing counsel." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any nonprisoner pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this _____ day of March, 2006, that a copy of the foregoing was served by First-Class mail; postage prepaid to:

MICHAEL JAY MOLZEN  
Reg. No. 09229-041  
P.O. Box 33  
Terre Haute, IN 47808

                                      /s/  
                              DIANE M. SULLIVAN  
                              Assistant United States Attorney  
                              555 Fourth Street, N.W.  
                              Civil Division  
                              Washington, D.C.  20530