## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL JAY MOLZEN,** ) | |
| **Reg. No. 09229-041** ) | |
| **P.O. Box 33** ) | |
| **Terre Haute, IN 47808** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-2360(HHK)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS** ) | |
| **320 First Street, N.W.** ) | |
| **Washington, D.C. 20534** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT
### OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, Federal Bureau of Prisons, through the undersigned counsel, respectfully

move to dismiss the complaint in this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in

the alternative, for summary judgment under Fed. R. Civ. P. 56. Plaintiff's claims under the

Privacy Act fail to state a claim and this Court lacks jurisdiction. Further, the defendant moves

the Court for summary judgment on the grounds that there are no material facts in dispute and the

defendant is entitled to judgment as a matter of law.

In support of this motion, the defendant submits the attached memorandum of points and

authorities, statement of material facts as to which there is no genuine issue, declaration of

Teresa Marvel, Paralegal Specialist at the Federal Correctional Complex, Terre Haute, Indiana

(with attachments), and the declaration of Belinda Auterson, Case Manager at the Federal

Correctional Complex, Terre Haute, Indiana (with attachments).

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

 /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/
DIANE M. SULLIVAN, D.C. BAR #427872
Assistant United States Attorney, Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL JAY MOLZEN,**<br>**Reg. No. 09229-041**<br>**P.O. Box 33**<br>**Terre Haute, IN 47808** | ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Civil Action No. 05-2360(HHK)** |
| | ) |
| **FEDERAL BUREAU OF PRISONS**<br>**320 First Street, N.W.**<br>**Washington, D.C. 20534** | ) ) ) |
| **Defendant.** | ) ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant hereby submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. Plaintiff's claims all rely on one simple factual allegation: that the defendants violated the Privacy Act, 5 U.S.C. 552a, by incorrectly maintaining inaccurate information in his Presentence Investigation Report and relying upon this misinformation in making classification determinations concerning him. His privacy act claim fails because the Federal Bureau of Prisons is exempt from the amendment and accuracy provisions of the Privacy Act.

## BACKGROUND

### I.    Introduction

Plaintiff, Michael Molzen, Reg. 09229-041, was sentenced by the United States District Court, District of Minnesota on November 30, 2000 to 100 months in federal prison for

Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 1,000 Kilograms of

Marijuana in violation of 21 U.S.C. § 841(a)(1) and 846.  Plaintiff is currently incarcerated at the

Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute").  His projected

release date is April 5, 2007, via Good Conduct Time Release.  See Declaration of Teresa

Marvel.  This complaint is styled as a Privacy Act action pursuant to 5 U.S.C. § 552a.

On December 8, 2005, plaintiff filed a civil action against the Federal Bureau of Prisons

(BOP), alleging that the BOP violated the Privacy Act, 5 U.S.C. § 552a, by erroneously

maintaining inaccurate information in his Presentence Investigation Report and relying upon this

misinformation in making classification determinations concerning him.  See Compl. p. 3.

Specifically, the Plaintiff claims that his sentencing Court overruled the finding of the

Presentence Investigation Report (PSIR), in that his arrest conduct did not rise to a level of

"reckless endangerment," and instead found the conduct provided for an enhancement for

"obstruction of justice."  See Compl. p. 2.  The plaintiff alleges that the BOP has relied upon the

"reckless endangerment" conduct, a greatest severity offense classification, as opposed to the

"obstruction of justice" conduct, a moderate severity offense classification, in the BOP policy

that determines custody classification.  See Compl. p. 3.  Plaintiff claims that based on this

greatest severity offense classification, he is incarcerated at an institution a farther distance from

his family and denied educational opportunities that he would otherwise have access to at a lower

custody level.  Id.  Plaintiff complains that the BOP has delegated all responsibility for correcting

the PSIR to the United States Probation Office.  Id.  Plaintiff claims that the BOP has failed to

follow Sellers v. BOP, 959 F.2d 307 (D.C. Cir. 1992), which provides that the agency must take

reasonable steps to maintain accuracy of information to assure fairness to the individual.  See

2

Compl. p. 6. The plaintiff states that he has presented this issue through the BOP's

Administrative Remedy Procedure to no avail. <u>See</u> Compl. p. 4. Plaintiff seeks any and all relief

available under the Privacy Act, which under some circumstances, not present here, would

include monetary relief. <u>See</u> Compl. p. 6.

Plaintiff seeks "any and all relief as allowed under the law as the court may deem just and

appropriate" under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(5) and 552a(g)(1)(C), against the

Federal Bureau of Prisons. It appears that plaintiff is seeking injunctive or declaratory relief, but

is not specifically seeking monetary damages. The Privacy Act treats claims for amending

inaccurate records separately from claims for money damages. Plaintiff's apparent claim for

injunctive and declaratory relief to require correction of his records, under 5 U.S.C. § 552a(d),

fails because BOP has exempted itself from the amendment provision, as authorized by the

Privacy Act's provisions in subsections 552a(j) and (k).

To the extent that plaintiff also seeks monetary damages, based on his allegation that the

agency failed to maintain their records with "such accuracy... as is reasonably necessary to ensure

fairness," as required by 5 U.S.C. § 552a(e)(5), the claim for monetary damages fails because he

cannot establish any of the four elements required under <u>Deters v. U.S. Parole Comm'n</u>, 85 F.3d

655 (D.C. Cir. 1996) and subsequent case law. First, he cannot establish that the harm he alleges

rises to the level of an adverse determination under the Privacy Act. Second, he cannot establish

that the BOP failed to maintain his records with sufficient accuracy as to ensure fairness in

determinations affecting him because the evidence indicates that plaintiff's presentence report is

factually correct. Third, he cannot establish that the alleged error caused the defendant to make

an adverse determination against him. Finally, he cannot establish that the alleged error was

intentional or willful because the evidence shows to the contrary that the agency officials acted in good faith.

## ARGUMENT

### I.    Standard of Review

"[A] complaint should . . . be dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In deciding a motion to dismiss under Rule 12(b)(6), facts alleged in the complaint must be presumed true and liberally construed in favor of the plaintiff.  See, e.g., Shear v. NRA, 606 F.2d 1251, 1253 (D.C. Cir. 1979).  The court may consider certain additional evidence in deciding the motion.  See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

_____Under Rule 56, summary judgment is required where no genuine dispute exists as to any material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant—here plaintiff—may not rest on mere allegations, but must instead

4

proffer specific facts showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, plaintiff

must present some objective evidence that would enable the court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper

motion for summary judgment, the party who bears the burden of proof on an issue at trial must

"make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.

477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987)

(the non-moving party is "required to provide evidence that would permit a reasonable jury to

find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

## II.    Plaintiff's Privacy Act Claims are Barred by the Statute of Limitations

The Privacy Act governs the government's collection and dissemination of information

and maintenance of its records.  See Harrell v. Fleming, 285 F.3d 1292, 1293 (10th Cir. 2002).

Congress imposed a two-year statute of limitations on suits filed under the Privacy Act.  See 5

U.S.C. § 552a(g)(5); Harrell, 285 F.3d at 1293; Chung v. United States Dep't of Justice, 333 F.3d

273, 275 (D.C. Cir. 2003); and Bernard v. United States Dep't of Defense, 362 F. Supp. 2d 272,

278 (D.D.C. 2005).  Failure to file a Privacy Act claim against the government within this statute

of limitations will deprive a federal court of subject matter jurisdiction over the action unless

equitable tolling is applicable.  See Chung, 333 F.3d at 276-78; Bernard, 362 F. Supp. 2d at 278.

In a cause of action for damages under subsection (g)(1)(c), the statute of limitations begins to

run when plaintiff first becomes aware or should become aware of the alleged mistakes in his or her record.  See Harrell, 285 F.3d at 1293; Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir.  1987); Bernard, 362 F. Supp. 2d at 278-79.  "The relevant fact is not when the plaintiff first had physical possession of the particular records, but rather when he first knew of the existence of the records."  Diliberti 817 F.2d at 1262-63.  A new cause of action does not arise upon each subsequent adverse determination based on the alleged erroneous records.  See Harrell, 285 F.3d at 1293; Diliberti, 817 F.2d at 1264.

The Privacy Act provides that in cases where an agency materially or willfully misrepresents information that is required to be disclosed to an individual, "the action may be brought at any time within two years after discovery by the individual of the misrepresentation." 5 U.S.C. § 552(g)(5).  Failure to file suit within the two-year period "deprives the federal courts of subject matter jurisdiction over the action."  Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir. 1987).  The D.C. Circuit has held that a cause of action accrues under the Privacy Act at the time when a plaintiff knew or had reason to know that the adverse action occurred.  Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987).

The plaintiff's Bureau of Prisons Central File contains requests dated October 22, 2003 and October 23, 2003, submitted to staff in which he raised the issue of his custody classification scoring based upon information contained in his Presentence Report.  See Auterson Declaration, Attachment 4.  Plaintiff also submitted an Inmate Request to Staff, dated November 15, 2003, to the Case Management Coordinator at FCI Oxford on the same issue.  See Auterson Declaration, Attachment 5.

The plaintiff became aware of the allegedly false Presentence Report, at the latest,  in October

of 2003.  Therefore, the two-year statute of limitations for his Privacy Act claim based on these

allegedly false records began to run in October 2003.  Plaintiff filed this suit on December 8,

2005, nearly two months after the two-year statute of limitations had run in October 2005.

Plaintiff has failed to establish any basis for applying the doctrine of equitable tolling in this case.

Accordingly, the Court should dismiss any accuracy claim under 5 U.S.C. § 552a(g)(1)(C)

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  See Griffin v. U.S. Parole

Comm'n 192 F.3d 1081, 1082 (D.C. Cir. 1999) ("Failure to file within the statute of limitations

is jurisdictional."); and Williams v. Reno, 93 F.3d 986 (D.C. Cir. 1996) ("Failure to file within

the statute of limitations is jurisdictional, thus an untimely complaint deprives the district court

of subject matter jurisdiction.").

**III.    BOP Inmate Central Records System Is Exempt from Privacy Act Claims**

Moreover, plaintiff has failed to state a Privacy Act claim upon which relief can be

granted.  Plaintiff seeks amendment of his BOP records, but the BOP has properly exempted its

Inmate Central Record System, where presentence reports are maintained, from the Privacy Act's

amendment requirements.  See 28 C.F.R. §16.97(a); White v. United States Probation Office,

148 F.3d 1124, 1125 (D.C. Cir. 1998); and Deters v. U.S. Parole Commission, 85 F.3d 655, n.2

(D.C. Cir. 1996).

Subsections (g)(1)(A) & (C) of the Privacy Act allows an individual to file a civil action

against an agency that refuses to amend its records upon request or fails to maintain its records

with the requisite level of accuracy and completeness.  See 5 U.S.C. § 552a(g)(1)(A) & (C) and

552a(g)(2)(A).  In an action brought under subsection (g)(1)(C), if the court determines that the

agency's actions were willful or intentional, the court may award actual damages sustained by the

individual as a result of the refusal or failure of the agency to maintain its records with the requisite level of accuracy, and may also award costs and attorney fees.  See 5 U.S.C. § 552a(g)(4); Doe v. Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir. 1991).

Notwithstanding the relief available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act (except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I)), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2)(C).  Pursuant to this authority, federal regulations specifically exempt BOP's Inmate Central Records System from subsections (c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), and (e)(8), (f) and (g).  See 28 C.F.R. § 16.97(a)(4).  In particular, the security and custody classification information, which is part of the Inmate Central Records System, is exempt from the amendment provisions.  See 28 C.F.R. § 16.97; White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998).

Section 28 C.F.R. § 16.97 provides:

> "The following system of records is exempted pursuant to 5 U.S.C. 552a(j) from subsections (e)(1) and (e)(5):  Bureau of Prisons Inmate Central Records System, (Justice/BOP-005)."

The reasons for the BOP's decision to exempt 552a(e)(1) and (e)(5) are found in subsection (k) of the regulation. Subsection (k)(1) and (2) provide in part:

> From subsection (e)(1) to the extent that the Bureau may collect information

that may be relevant to the law enforcement operations of other agencies.  In the interests of overall, effective law enforcement, such information should be retained and made available to those agencies with relevant responsibilities.

From subsection (e)(5) because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete.  Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the passage of time, and could be relevant to future law enforcement decisions.  In addition, because many of these records come from the courts and other state and local criminal justice agencies, it is administratively impossible for them and the Bureau to ensure compliance with this provision.  The restriction of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public.

Therefore, injunctive relief is not available for claims involving inmate central records under the amendment provision of the Privacy Act, 5 U.S.C. § 552a(g)(1)(A).  See White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring claim for amendment of pre-sentence report maintained in Inmate Central Records System); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (denying amendment claim because BOP regulations exempt agency from Privacy Act provision requiring inaccurate files to be amended); Deters v. U.S. Parole Commission, 85 F.3d 655, n.2 (D.C. Cir. 1996); and Fendler v. United States Bureau of Prisons, 846 F.2d 550, 553 (9th Cir. 1988).

The records at issue here come from a system of records that have been properly exempted from the amendment provisions of the Privacy Act.  Doe, 936 F.2d at 1352 (no cause of action exists when agency has exempted records from amendment requirements).  Consequently, plaintiff has no amendment claim under 5 U.S.C. § 552a(e)(1).  Therefore, this court should dismiss this aspect of plaintiff's claims.

9

**IV.    Plaintiff Cannot Collaterally Attack Agency Decisions Through The Accuracy Provisions of 5 U.S.C. § 552a(g)(1)(C)**

Additionally, the BOP's Inmate Central Records System is exempt from the accuracy requirements in subsection (e)(5) of the Privacy Act.  See 28 C.F.R. § 16.97(j) (effective August 9, 2002); Barbour v. United States Parole Comm'n, No. 04-5114, 2005 WL 79041, 1 (D.C. Cir. Jan. 13, 2005); Skinner v. United States Dep't of Justice, No. 04-1376RWR, 2005 WL 1429255, 2 (D.D.C. June 17, 2005); Mitchell v. Bureau of Prisons, 2005 WL 3275803, 4 (D.D.C. Sept. 30, 2005); and Fisher v. Bureau of Prisons, No. Civ. Act. 05-0851, 2006 WL 401819 (D.D.C. Feb. 21, 2006).

The Privacy Act requires each federal agency to "maintain all records which are used by the agency in making any determination about any individual with such accuracy . . . as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).  An individual may bring a civil action if an agency fails to satisfy the standard in subsection (e)(5) "and consequently a *determination* is made which is *adverse* to the individual." 5 U.S.C. § 552a(g)(1)(C) (emphasis added).  In addition, subsection (g)(4) provides that an individual may recover monetary damages if "the court determines that the agency acted in a manner which was intentional or willful." Doe v. Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir. 1991); Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996); Sellers v. Bureau of Prisons, 959 F.2d 307, 310-12 (D.C. Cir. 2002); and Doyon v. Dep't of Justice, 304 F. Supp. 2d 32, 34 (D.D.C. 2004).

The Privacy Act may not be used to collaterally attack an agency decision as "inaccurate"

10

because plaintiff contests the decision or some underlying information.  See Whitley v. Hunt[1], 158 F.3d 882, 889-90 (5th Cir. 1998); White v. United States Probation Office, 148 F.3d 1124, 1125-26 (D.C. Cir. 1998).

To prevail on a Privacy Act claim for damages against the BOP under 5 U.S.C. § 552a(g)(1)(C) and (g)(4) for violation of subsection (e)(5) of the Privacy Act, the plaintiff must show that (1) the agency failed to maintain accurate records, (2) the agency's conduct was intentional or willful, and (3) an adverse determination was made respecting the plaintiff due to the inaccurate record. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582 (D.C. Cir. 2002). The plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful.  Albright v. United States, 732 F.2d 181, 189 (D.C. Cir. 1984); Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting Albright v. United States, 732 F.2d at 189); and 5 U.S.C. § 552a(g)(4).  A willful or intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ··· or a violation ··· so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful."  Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996).

Under Sellers v. Federal Bureau of Prisons, 959 F.2d 307 (D.D.C. 1992), the court noted that the BOP was not meeting the requirements under the Privacy Act by merely noting in its files that an inmate disputed information contained in his Presentence Investigation Report. Sellers, 959 F.2d at 312.  But post-Sellers, the BOP exempted the accuracy provisions under the Privacy Act.

---

[1]Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998), overruled on other grounds, Booth v. Churner, 121 S.Ct. 1819 (2001).

In this case, the defendant BOP has made reasonable attempts to verify the accuracy of the information contained in the Plaintiff's Presentence Investigation Report in accordance with Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files (pgs. 19-20, Inmate Challenges to Information).  See Declaration of Belinda Auterson, Attachment 1.

The plaintiff's current Unit Team members were in contact with the United States Probation Office to verify the accuracy of this specific information contained in the Presentence Report.  A letter dated March 1, 2006, from the U.S. Probation Office was faxed to the plaintiff's current Case Manager, Belinda Auterson, indicating the information was obtained from the Probation Office for the District of Minnesota and that the information contained in the PSR was accurate.  The letter explained that although the Court chose to apply an enhancement for obstruction of justice instead of the reckless endangerment, the Court did not order the presentence investigation report to be amended for false information.  See Auterson Declaration, Attachment 2.  As such, the BOP had obtained assurances from the United States Probation Office that the information was true and accurate.

The plaintiff's previous institution forwarded requests to the United States Probation Office, District of Minnesota, which prepared the report, for clarification and verification of the accuracy of the information contained in the Presentence Report.  See Auterson Declaration, Attachment 3.

As such, the BOP has made reasonable efforts to verify the accuracy of the information contained in the Presentence Investigation Report.  The plaintiff has not, and cannot establish that the BOP has intentionally and wilfully failed to maintain accurate records.  Despite the informal requests to change or destroy this information, the BOP acted reasonably in seeking

12

assurances the information was accurate.  When these assurances were provided by the United States Probation Office, the BOP properly relied upon this information with respect to plaintiff's security classification.  Therefore, the defendant BOP is entitled to summary judgment in this matter.

## V.    Defendant Has Not Violated Plaintiff's Due Process Rights

The plaintiff asserts that based on the inaccuracy of his presentence report and the BOP's use of that information to determine his custody classification, he is prevented from transferring to an institution closer to his home where more educational opportunities are available to him.  It is well established that inmates have no legally cognizable expectation of being incarcerated at a certain institution.  "[A] prisoner enjoys no constitutional right to remain in a particular institution and generally in not entitled to due process protections prior to such a transfer. Murphy v. Missouri Dept. Of Corrections, 769 F.2d 502, 503 (8th Cir. 1985).  "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State" Olim v. Wakinekona, 103 S. Ct. 1741 (1983).  [O]fficials may transfer a prisoner for whatever reason or for no reason at all."  Olim, 461 U.S. at 250; accord Hazen v. Reagen, 16 F.3d 921, 926 (8th Cir. 1994).  See also Meachum v. Fano, 95 S. Ct. 2532 (1976).  The BOP Director has broad discretion to determine a prisoner's place of confinement.  See 18 U.S.C. § 3621(b).

The plaintiff also has no due process right with regard to his security/custody classification decisions.  Franklin v. District of Columbia, 163 F.3d 625, 634-35 (D.C. Cir 1998). The United States Court of Appeals for the District of Columbia noted in Franklin that:

13

> Decisions about where a prisoner should be confined, at what level
> of custody (maximum, close, medium, minimum, or community)
> he should be classified, when he should be transferred and so forth
> are commonplace judgment in the "day-to-day management of
> prisons."

Franklin at 635 (citing Sandin v. Conner, 115 S. Ct. 2293 (1995)).  In the absence of a dramatic

departure from the basic conditions of confinement, the effect of classification or transfer

decisions or "the restriction on [his] liberty–is the ordinary consequence of confinement for

committing a crime."  See also Moody v. Daggett, 97 S. Ct. 274 (1976).

The plaintiff is properly scored as "greatest severity" custody classification based upon

his offense behavior during his arrest for his criminal conviction.  The plaintiff struck two law

enforcement vehicles with his vehicle in his attempt to evade arrest.  See Auterson Declaration.

In making custody classifications, the BOP may take into account evidence of a prisoner's

behavior even if the behavior did not result in a criminal conviction.  Griffin v. Ashcroft, No. 02-

5399, 2003 WL 22097940 (D.C. Cir. Sept. 3, 2003).

## CONCLUSION

For the reasons stated above, plaintiff's complaint should be dismissed.

Respectfully submitted,


   /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


   /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


   /s/
DIANE M. SULLIVAN, D.C. BAR #427872
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 514-7205

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
MICHAEL JAY MOLZEN,                 )
Reg. No. 09229-041                  )
P.O. Box 33                         )
Terre Haute, IN 47808               )
                                    )
                       Plaintiff,   )
                                    )
     v.                             )  Civil Action No. 05-2360(HHK)
                                    )
FEDERAL BUREAU OF PRISONS           )
320 First Street, N.W.              )
Washington, D.C. 20534              )
                                    )
                      Defendant.    )
```

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

The defendant, in accordance with Local Rule 7(h), submits the following statement of material facts as to which there is no genuine issue.

1.  Plaintiff, Michael Molzen, Reg. 09229-041, was sentenced by the United States District Court, District of Minnesota on November 30, 2000 to 100 months in federal prison for Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 1,000 Kilograms of Marijuana in violation of 21 U.S.C. § 841(a)(1) and 846.  See Marvel Decl., Attachment 1.

2.  Plaintiff is currently incarcerated at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute").  His projected release date is April 5, 2007, via Good Conduct Time Release.  Id.

3.  Plaintiff's central file reveals that he has raised the issue of his security classification at other institutions where he was housed.  Plaintiff submitted an Inmate Request to Staff dated

16

October 22, 2003, and October 23, 2003, to his Case Manager at FCI Oxford, in which he requested reconsideration of his custody point based upon his Presentence Report. See Auterson Decl., Attach. 4.

4. Plaintiff submitted an Inmate Request to Staff, dated November 15, 2003, to the Case Management Coordinator at FCI Oxford concerning his custody level scoring based on his arrest conduct. See Auterson Decl., Attach. 5.

5. Plaintiff's offense behavior in which he struck two law enforcement vehicles with his vehicle in an attempt to flee arrest, is considered an assault under the "greatest severity" category for Custody Classification scoring. See Auterson Decl., Attach. 5.

6. Correspondence dated January 2, 2004, was sent from inmate Molzen's Unit Manager, Steve Robinson, at the FCI, Oxford, Wisconsin, to the Chief United States Probation Office in the District of Minnesota. The correspondence references Sellers v. BOP, 959 F.2d 307 (D.C. Cir. 1992). See Auterson Decl., Attach. 3.

7. A letter dated March 1, 2006, from Ms. Lisa A. Connolly, U.S. Probation Officer, U.S. District Court, District of Minnesota, was received via facsimile at the institution. This letter provided clarification that the plaintiff's PSR was accurate. See Auterson Decl., Attach. 2.

8. A review of administrative remedy data reveals that plaintiff has exhausted his administrative remedies with regard to his offense behavior being scored as greatest severity. See Marvel Decl., Attachment 2, Administrative Remedy 335842.

9. Plaintiff has exhausted his administrative remedies regarding his complaint that his Presentence Report contains inaccurate information and requests correction of the report. See Marvel Decl., Attachment 3, Administrative Remedy 378806.

17

10. The Federal Bureau of Prisons has exempted itself from the amendment and accuracy provision of the Privacy Act, as authorized by the provisions in subsections 552a(j) and (k).

11. On December 8, 2005, plaintiff filed a civil action against the Federal Bureau of Prisons (BOP), alleging that the BOP violated the Privacy Act, 5 U.S.C. § 552a, by erroneously maintaining inaccurate information in his Presentence Investigation Report and relying upon this misinformation in making classification determinations concerning him. See Compl. p. 3.

Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

18

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing motion has been mailed, postage prepaid, this 31st day of May 2006, to:

MICHAEL JAY MOLZEN
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN 47808


          _____
          DIANE M. SULLIVAN
          Assistant United States Attorney