UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAY MOLZEN, )
)
    Plaintiff, )
)
v. ) Cause No. 05-2360-HHK
)
FEDERAL BUREAU OF PRISONS, )
)
    Defendant. )

**DECLARATION OF TERESA MARVEL**

I, Teresa Marvel, hereby declare and state the following:

1. I am currently employed by the Federal Bureau of Prisons (hereafter "BOP"), and assigned to the Federal Correctional Complex, Terre Haute, Indiana (hereafter "FCC Terre Haute"). I began employment with the BOP in 1985, and have been assigned to this institution since July 1991. My position is that of Paralegal Specialist, and as a part of my duties and responsibilities, I have access to inmates' records, electronic data maintained on the BOP's SENTRY computer system, Administrative Remedy data, and BOP Program Statements.

2. Michael Molzen, Register Number 09229-041, is a federal inmate currently incarcerated at the Federal Correctional Institution at FCC, Terre Haute, Indiana. Bureau of Prisons records reflect that Molzen was sentenced on November 30, 2000, in the United States District Court, District of Minnesota, to one hundred (100) months for Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 1,000 Kilograms of Marijuana in violation of 21 USC §841(a)(1) & 846. Inmate Molzen has a projected release date of April 5, 2007, via Good Conduct Time Release. See Attachment 1.

3. The BOP has promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, et seq., and BOP Program Statement (PS) 1330.13, Administrative Remedy Program. The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must file an administrative remedy with the Warden, Regional Director, and General Counsel.

4. A review of the administrative remedy data reveals that inmate Molzen has exhausted his administrative remedies with regard to his offense behavior being scored as greatest severity. Attachment 2, Administrative Remedy 335842.

5. Inmate Molzen has exhausted his administrative remedies regarding his complaint that his Presentence Report contains inaccurate information and requests correction of the report citing the Sellers v. BOP, 959 F.2d 307 (D.C. Cir. 1992) decision. Attachment 3, Administrative Remedy 378806.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 17th day of May 2006.

Teresa Marvel
Paralegal Specialist

**ATTACHMENT 1**

MOLZEN V. FEDERAL BUREAU OF PRISONS
Cause No. 1:05-cv-2360-HHK
United States District Court
for the District of Columbia

```
THAE0                *       PUBLIC INFORMATION        *      04-12-2006
PAGE 001             *          INMATE DATA            *      09:01:06
                              AS OF 04-12-2006

REGNO..: 09229-041 NAME: MOLZEN, MICHAEL JAY
                    RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-238-1531    FAX: 812-238-9873
                                             RACE/SEX...: WHITE / MALE
FBI NUMBER.: 720849P7                        DOB/AGE....: ██-██-████ / 48
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 04-05-2007                      PAR HEAR DT:
-------------------------------- ADMIT/RELEASE HISTORY --------------------------------
FCL    ASSIGNMENT  DESCRIPTION                   START DATE/TIME  STOP  DATE/TIME
THA    A-DES       DESIGNATED, AT ASSIGNED FACIL 04-07-2005 1137  CURRENT
B07    RELEASE     RELEASED FROM IN-TRANSIT FACL 04-07-2005 1237  04-07-2005 1237
B07    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-07-2005 0500 04-07-2005 1237
OXF    TRANSFER    TRANSFER                      04-07-2005 0400  04-07-2005 0400
OXF    A-DES       DESIGNATED, AT ASSIGNED FACIL 10-27-2004 1420  04-07-2005 0400
I-T    RELEASE     RELEASED FROM IN-TRANSIT FACL 10-27-2004 1520  10-27-2004 1520
I-T    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-14-2004 0530 10-27-2004 1520
B07    RELEASE     RELEASED FROM IN-TRANSIT FACL 10-14-2004 0530  10-14-2004 0530
B07    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-13-2004 0710 10-14-2004 0530
OXF    FED WRIT    RELEASE ON FEDERAL WRIT       10-13-2004 0610  10-27-2004 1420
OXF    A-DES       DESIGNATED, AT ASSIGNED FACIL 01-18-2001 1604  10-13-2004 0610
4-E    RELEASE     RELEASED FROM IN-TRANSIT FACL 01-18-2001 1704  01-18-2001 1704
4-E    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-18-2001 1601 01-18-2001 1704
OXF    ADMIN REL   ADMINISTRATIVE RELEASE        01-18-2001 1501  01-18-2001 1501
OXF    A-DES       DESIGNATED, AT ASSIGNED FACIL 01-18-2001 1500  01-18-2001 1501
1-P    RELEASE     RELEASED FROM IN-TRANSIT FACL 01-18-2001 1600  01-18-2001 1600
1-P    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 12-12-2000 0837 01-18-2001 1600
CMS    ADMIN REL   ADMINISTRATIVE RELEASE        12-12-2000 0737  12-12-2000 0737
CMS    A-ADMIN     ADMINISTRATIVE ADMISSION      12-12-2000 0736  12-12-2000 0737




G0002         MORE PAGES TO FOLLOW . . .
```

```
THAE0                *         PUBLIC INFORMATION           *      04-12-2006
PAGE 002             *            INMATE DATA               *      09:01:06
                                AS OF 04-12-2006
REGNO..: 09229-041  NAME: MOLZEN, MICHAEL JAY

                 RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 812-238-1531    FAX: 812-238-9873
PRE-RELEASE PREPARATION DATE: 10-05-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  04-05-2007 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MINNESOTA
DOCKET NUMBER...................: 00-CR-25(02)(JMR)
JUDGE...........................: ROSENBAUM
DATE SENTENCED/PROBATION IMPOSED: 11-30-2000
DATE COMMITTED..................: 01-18-2001
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                    FELONY ASSESS   MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.:     $100.00         $00.00           $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $10,000.00

------------------------CURRENT OBLIGATION NO: 010 -----------------------------
OFFENSE CODE....:   391
OFF/CHG: CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE
         IN EXCESS OF 1,000 KILOGRAMS OF MARIJUANA-T21USC841A1&846.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     100 MONTHS
 TERM OF SUPERVISION............:       4 YEARS
 DATE OF OFFENSE................: 01-03-2000




G0002         MORE PAGES TO FOLLOW . . .
```

```
 THAE0              *        PUBLIC INFORMATION          *    04-12-2006
PAGE 003 OF 003     *           INMATE DATA              *    09:01:06
                             AS OF 04-12-2006
REGNO..: 09229-041 NAME: MOLZEN, MICHAEL JAY

                 RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 812-238-1531    FAX: 812-238-9873
------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-20-2002 AT OXF AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 11-30-2000
TOTAL TERM IN EFFECT............:    100 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      8 YEARS        4 MONTHS
EARLIEST DATE OF OFFENSE........: 01-03-2000

JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                      01-03-2000    11-29-2000

TOTAL PRIOR CREDIT TIME.........: 332
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 392
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 04-05-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-01-2008


PROJECTED SATISFACTION DATE.....: 04-05-2007
PROJECTED SATISFACTION METHOD...: GCT REL




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# ATTACHMENT 2

MOLZEN V. FEDERAL BUREAU OF PRISONS
Cause No. 1:05-cv-2360-HHK
United States District Court
for the District of Columbia

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Molzen, Michael Jay      09229-041      Adams      FCI-Oxford
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL

I am appealing the response of Warden Scibana on the attached Administrative Remedy for failure to address the complete issue presented. I am aware that the PSI contains allegations of arrest conduct that points to reckless endangerment that this institution has used to score me "greatest severity." However, I have raised the issue, which has consistently been ignored, that the transcripts contain explicit language overruling the reckless endangerment, instead finding obstruction of justice (moderate scoring in "classification manual"). I have continued to ask whether these transcripts, if appended to the PSI, would be sufficient to allow this lesser offense classification and remove the violent labeling of the instant offense. The Regional Administrative Appeal also fails to address this issue. Simply stated, I would like to know if the transcripts (attached to request for informal resolution) were appended to the PSI, as required by Rule 32, F.R.Crim.P., would this be adequate to allow reclassification of custody level due to the specific court ruling against reckless endangerment (as provided in the PSI) for obstruction of justice, which is non-violent and provides for only 3 custody scoring points? Please address this issue and state the BOP position in this matter. Thank you.

July 13, 2004
DATE                                         SIGNATURE OF REQUESTER

Part B—RESPONSE

---

DATE                                         GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: 335342-A1

Part C—RECEIPT

                                              CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE                         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

Administrative Remedy No. 335842-A1
Part B - Response

You contest the determination that the current offense is greatest severity. You contend that a proposed enhancement for reckless endangerment was changed to an enhancement for obstruction of justice and provide what you represent is a copy of a transcript of the sentencing hearing which indicates such. You ask what impact, if any, this enhancement change would have on the determination that your offense is greatest severity. You request that your offense be deemed moderate severity.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, provides that the severity of the current offense be reflective of "the most severe documented instant offense **behavior**." Your PreSentence Report states that at the time of your arrest, you "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers." Whether this behavior resulted in a sentencing enhancement, or whether the enhancement was labeled a reckless endangerment or an obstruction of justice enhancement, is immaterial. Irrespective of the contents of the sentencing transcript, this is documented offense behavior and it construed as equivalent to an assault of the greatest severity. This determination is reasonable, consistent with policy, and fully supportable.

Your appeal is denied.

September 9, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Molzen, Michael Jay__  __09229-041__  __Adams__  __FCI-Oxford__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL  I am appealing the Warden's denial of my request for custody reclassification and his failure to address whether appending the PSI with a record of the court, refuting the allegations presented in the PSI and used by the institution for greatest severity classification, would allow for scoring to moderate severity as provided by P.S. 5100.07. The record of the court clearly shows a finding of obstruction of justice for arrest conduct over that alleged in the PSI. The Warden cites this policy in stating that "the most severe documented offense behavior identified in the [PSI] is to be used." This behavior is merely alleged in the PSI. Policy requires that the CCM must make reasonable efforts to obtain documentation of factual offense conduct. This is provided by the transcripts of the court. I request that Region find that the sentencing court's ruling on this offense conduct, which clearly refutes the allegations in the PSI, sufficient to allow moderate severity classification or, in the alternative, to provide direction for the necessary appending of documents to the BOP main file to allow further consideration of classification, consistant with the court's recommendation and ruling. All attachments provided in prior attempts to resolve this issue administratively are included in this appeal. Thank you for your kind consideration in reviewing this matter.

June 8, 2004                                    [signature]
    DATE                                        SIGNATURE OF REQUESTER

Part B—RESPONSE

                                                SEE ATTACHED RESPONSE

JUL 1 2004
    DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE             CASE NUMBER: _____

----------------------------------------------------------------

Part C—RECEIPT
                                                             CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
                                                                                    BP-230(13)
USP LVN     DATE          Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL  APRIL 1982

Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

Name: MOLZEN, Michael Jay
Register Number: 09229-041
Admin Remedy Number: 335842-R1

This is in response to your Regional Administrative Appeal in which you claim your Custody Classification form (BP-338) is scored incorrectly. Specifically, you claim you are incorrectly scored in the "Severity of Current Offense" section on your Custody Classification Form (BP-338). You request that you be scored with moderate severity.

We have reviewed your appeal. In accordance with Program Statement 5100.07, Security Designation and Custody Classification Manual, the severity of the current offense is determined by the most severe offense behavior. A review of your case reveals, that you recklessly drove a vehicle at a high rate of speed creating a substantial risk of death or injury to your passenger and the law enforcement officer you were fleeing from. This is scored as "greatest" severity and is properly scored on your BP-338.

Based on the above information, your Regional Administrative Appeal is denied. If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

6/30/04
Date

G. L. HERSHBERGER, Regional Director

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY** 5a

---

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: __Molzen, Michael Jay__ __09229-041__ __Adams__ __FCI-Oxford__
  LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**  I request that my custody scoring reflect the finding of the court for obstruction of justice for arrest conduct, rather than the alleged conduct found in the PSI labeled reckless endangerment. I have presented the issue to Case Manager Pease and CMC Fredricks. P.S. 5100.07 (Appendix B) is clear in that any type of obstruction of justice conduct is to be scored "3" (moderate). Presently, the institution is using alleged conduct in the PSI to score "7" (greatest severity), infering assult with intent to cause serious injury. I have always maintained that my every action was to avoid contact or confrontation. There was never any "intent" to cause any injury. Should the PSI allegations continue to be used over the findings of the court, please respond as to whether the transcripts would override the allegations in the PSI if appended to that document, as required by Rule 32 F.R.Crim.P., and warrant a change in my classification score. If not, I have been informed by the court the need to exhaust administrative remedy in order for the court to provide adequate written findings supporting obstruction of justice and overruling the allegations in the PSI supporting the conduct used in my increased custody scoring by the institution.

May 21, 2004
  DATE                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached*

---

  DATE                    WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE                        CASE NUMBER: __335842-F1__

                                      CASE NUMBER: __335842-F1__

**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          UNIT     INSTITUTION

SUBJECT: _____

RECEIVED MAY 27 2004 FCI OXFORD

_____  _____
  DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982
USP LVN

Response to Request for Administrative Remedy

MOLZEN, Michael
Reg. No. 09229-041
Log No.  335842-F1

This is in response to your request for Administrative Remedy receipted on May 27, 2004. You allege your custody classification scoring has been mis-scored. You indicate the court has ruled the reckless endangerment charge is most like obstruction of justice and therefore, the offense severity should be scored in the moderate range. For relief, you request your offense severity be scored as moderate rather than greatest severity.

You were sentenced to serve a 100-month sentence for Conspiracy to Possess with Intent to Distribute Marijuana. In accordance with Program Statement 5100.07 Security Designation and Custody Classification Manual, dated January 31, 2002, when determining the severity of the current offense, the most severe documented offense behavior identified in the Presentence Investigation Report (PSI) is to be used. Specifically, the PSI states you recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers and placed the juvenile passenger at risk of serious injury or death. Your conduct clearly posed substantial risk of death or serious bodily injury to another person.

Your request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66201-2492.

_____          _____
Joseph Scibana, Warden                            June 4, 2004
                                                                        Date

# ATTACHMENT 3

MOLZEN V. FEDERAL BUREAU OF PRISONS
Cause No. 1:05-cv-2360-HHK
United States District Court
for the District of Columbia

U.S. Department of Justice    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Molzen, Michael Jay__  __09229-041__  __3-J__  __FCI-Terre Haute__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**  I further appeal the North Central Office's refusal to order immediate correction of the information contained in my BOP Central File. The institution's delegation of the correction of false allegations contained in my PSI, used for increased classification scoring, that has no bearing in the instant matter as policy states that, pursuant to U.S.P.O. procedures, the PSI cannot be changed after sentencing as it is a court document. I have shown that the PSI was corrected by the court and it clearly addressed the issue finding against the reckless endangerment alleged in the PSI and finding, instead, obstruction of justice. This procedure is allowed and mandated by Federal Rule of Criminal Procedure 32. This request for correction has been initiated under the provisions of the Privacy Act, Title 5 U.S.C. § 552a, and should the Central office continue to refuse to allow immediate correction of this information contained within my file, found incorrect by the U.S. District Court, I will utilize all remedies available to me by this Act, which includes the filing of a civil complaint in the U.S. District Court and for relief of a minimum of $1000, in addition to court and attorney fees, as provided by statute, for the failure to maintain accurate records, and refusing to acknowledge verifiable information that mandates such a correction.

__August 17, 2005__   __[signature]__
DATE              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                              GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE   CASE NUMBER: __378806 A1__

**Part C—RECEIPT**
                                          CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

**Administrative Remedy No. 378806-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you claim the Bureau of Prisons is using false information in your Presentence Investigation Report (PSI) to increase your custody classification scoring. You request this information be corrected.

Our review indicates the Warden and Regional Director adequately responded to the issue raised in your appeal. Program Statement (P.S.) 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, states an inmate may challenge the accuracy of information in his central file and is required to provide staff with sufficient information in support of a challenge (i.e., names of persons to contact, government agency, etc.). P.S. 5800.11 also states that if an inmate challenges information in the PSI, staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. If the USPO subsequently reports that the challenged information, or some part thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO response to the challenged document. The Bureau of Prisons does not have the authority to make changes to the PSI.

Records indicate staff forwarded a letter to the appropriate USPO regarding the disputed information in your PSI. You will be advised of the response once it is received. We concur with the actions of staff, find them appropriate, and in compliance with policy. This response is provided for informational purposes only.

_November 9, 2005_
Date

_Harrell Watts_, Administrator
National Inmate Appeals

**U.S. Department of Justice**
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Molzen, Michael Jay__  __09229-041__  __3-J__  __FCI-Terre Haute__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   I appeal the action taken by Unit Team, as provided by the BP-9 response, for failure to timely maintain the accuracy of my BOP Central File and delegating this responsibility to the U.S.P.O. In the section dealing with inmate challenges to information in BOP file, PS 5800.11, it states that Unit Teams shall take reasonable steps to ensure the accuracy of the information in the file, particulary when it can be varified. Policy states when information challenged in the PSI is presented, notification of such a dispute is to be provided to the U.S.P.O. This has already been done in this case and no reply was ever given to this notification. This should only be considered a courtesy as the policy further states the procedure "do[es] not allow for changes or addendums to be made ... after sentencing since it is a court document." The court provided on the record that it was making a finding inconsistent with that provided in the PSI, stating in the Judgment, Statement of Reasons, "the court adopts the factual finding ... in the presentence report, except as indicated at the hearing." At the hearing it was found that arrest conduct did not amount to reckless endangerment, but of obstruction of justice. For the above reasons, I further request prompt correction of information in my BOP file, being relied upon to provide increased custody classification, as provided by the Privacy Act 5 U.S.C. § 552a.  Thank you.

__July 2, 2005__                              __/s/ M. Molzen__
DATE                                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**


                                                        **SEE ATTACHED RESPONSE**

__AUG 9 - 2005__
DATE                                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: __378806-R1__

──────────────────────────────────────────────────────

**Part C—RECEIPT**
                                                        CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP-230(13)

Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Admin Remedy Number: 378806-R1**

This is in response to your Regional Administrative Remedy Appeal dated July 2, 2005, in which you request corrections be made to your Pre-Sentence Investigation Report (PSIR). You state such corrections to your PSIR will cause the scoring in the area of "Severity of Current Offense" on your Custody Classification form (BP-338) to decrease from a greatest severity offense to a moderate severity offense.

We have reviewed your appeal. As your PSIR falls within the jurisdiction of the United States District Court, your concerns regarding any information contained in this document must be addressed with the court. Your unit team has submitted your concerns regarding your PSIR to the appropriate United States Probation Office for review, as outlined in Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files. When the review is completed, the United States Probation Office will notify you in writing of their findings.

As your unit team has submitted your request to the United States Probation Office regarding inaccuracies contained in your PSIR, this response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8/4/05
Date

Michael K. Nalley, Regional Director

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Molzen, Michael 09229-041 J-29 FCI-Terre Haute
 LAST NAME, FIRST, MIDDLE INITIAL REG. NO. UNIT INSTITUTION

**Part A- INMATE REQUEST**

I request that my file be corrected and amended, pursuant to the provisions of the Privacy Act (5 U.S.C. § 552a), Sellers v BOP, and BOP Policy (PS1351.05). My BOP file makes reference to arrest conduct, alleged through the Presentence Investigation Report (PSI), that is being used to classify my current offense violent by incorrectly labeling arrest conduct as reckless endangerment, providing for Public Safety Factor and Greatest Severity Offense determination for classification. This reference has been found to be incorrect by U.S. District Court determination. The Court found that arrest conduct did not meet the severity of reckless endangerment, but that of obstruction of justice. This adjudication was proper and definitive under the procedures within Rule 32, F.R.Crim.P.. I find the reliance of the allegations found in the PSI, when the Court found differently, is an error of fact and requires correction as allowed by the Privacy Act. Although I have brought this error to the attention of the BOP in the past through the Administrative Remedy Program, I have not presented it as an error in agency record that requires correction as provided above. As such, I request this correction as presented above (transcript provided upon request). Thank you for your kind consideration in your attention in this matter.

June 6, 2005
DATE SIGNATURE OF REQUESTER

**Part B- RESPONSE**

see attached

DATE WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
 LAST NAME, FIRST, MIDDLE INITIAL REG. NO. UNIT INSTITUTION

SUBJECT: _____

6/9/05
DATE RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

Remedy ID #378806-F1

## Part B-Response

I am in receipt of your Request for Administrative Remedy wherein you seek my assistance in correcting errors in your Presentence Report.

The Bureau of Prisons Operations Memorandum, 068-93 (5320), Maintenance of Inmate Files, references the Seller vs. Bureau of Prisons case, 959F.2d307(d.c.cir.1992). The specific ruling in that case states, "The agency must take responsible steps to maintain the accuracy of the information to ensure fairness to the individual." The Operations Memorandum further states, in a situation like <u>Sellers</u> where the inmate challenged the PreSentence Report, Unit staff should not change the report, but should inform the Probation Officer the report has been challenged. If the Probation Officer confirms the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure no decisions affecting the inmate are based on the discredited information. Staff should also request an updated PreSentence report from the Probation Officer."

Therefore, in accordance with Operations Memorandum, 068-93, we forwarded to the Probation Department your allegations of inaccuracy pertaining to your Presentence Report. We requested they review your allegations and return to us their findings concerning these allegations. If they confirm the information in the presentence investigation is inaccurate, we requested an updated Presentence Report. Therefore, your request for Administrative Remedy is addressed.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received within 20 calender days of the date of this response.

_6-21-05_
Date

_G. James_
Mark A. Bezy, Warden