IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAY MOLZEN,                )
           Plaintiff,              )     Civil Action No. 05-2360(HHK)
                                   )
vs.                                )
                                   )
                                   )
FEDERAL BUREAU OF PRISONS,         )
           Defendant.              )

PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE

Plaintiff, Michael Jay Molzen, pro se, replies to defendant's
claim of facts to which there is no genuine dispute, contained on
pages 16-18 of Memorandum of Support of the Motion to Dismiss pre-
viously filed in this Court. Plaintiff provides this Honorable
Court traverse to those facts that he disputes. All other facts
listed, not covered within this reply, are deemed to be true.

Plaintiff controverts the following facts as allowed by LCvR
7(h):

(1) Defendant states in paragraph one (1) that Molzen was sent-
enced to 100 months in federal prison for Conspiracy to Distribute
and Possess with Intent to Distribute in Excess of 1,000 Kilograms
of Marijuana. Molzen avers that he was sentenced to a lesser in-
cluded charge for quantities less that 1,000 kilograms (1900 pounds).
The conduct defendant attributes to Molzen in the above statement
provides for a minimum mandatory sentence of ten years (120 months).
(2) In paragraph two (2), defendant refers to Molzen's place of
incarceration as "FCC Terre Haute." As noted by this designation,
the institution includes a high security "USP," a medium security

"FCI," and a minimum security "camp." Molzen is incarcerated in the medium security "FCI."

(3)  In paragraph five (5), defendant states that "Plaintiff's offense behavior in which he struck two law enforcement vehicles with his vehicle to flee arrest, ...." Molzen has continued to aver that he did not strike any one, law enforcement or otherwise, in his flight on the night of his arrest in this instant case. Molzen has stated, under oath, that he was originally unaware he was involved in a police action and fled the area in fear of his life when plain clothed armed men were seen running towards his vehicle. In process of leaving the parking area, Molzen was struck head-on by an unmarked SUV. Still unaware of the police action and given the continued assults on him, Molzen continued to flee. Molzen was then again struck by an unmarked pickup truck as he swerved to avoid it. Molzen continued to flee. It was only when Molzen was struck broadside by an officer in a marked squad car, with emergency lights activated, did he realize that he was involved in a police action. The continued flight after being hit the third time was considered, by the court, as obstruction of justice.

(4)  In paragraph seven (7), defendant refers to the March 1, 2006 untimely correspondence from United States Probation Officer (USPO) L. Connolly responding to staff and inmate requests to address the inaccurate reporting of arrest conduct in the PSIR, and states "The letter provided clarification that the plaintiff's PSR was accurate." Molzen finds the USPO to be incompetent to make this statement as she did not attend the sentencing hearing, did not attest to having personal conversation with the sentencing judge as to his reasons

2

for finding the non-violent enhancement over the violent enhance-
ment she provided in the PSIR, or can she provide any "benefit"
Molzen would have received, other than non-violent designation,
from the judge's findings and determinations on this issue, as both
enhancements provide for the same sentence increases within the U.S.
Sentencing Guidelines.

(5)  In paragraph ten (10), defendant states that the BOP "has
exempted itself from the amendment and accuracy provision of the
Privacy Act, ...." While defendant cites, somewhat ackwardly, prima
facie evidence that this exemption was placed somewhere in sub-
section 28 C.F.R. 16.97, defendant has not provided evidence that
this regulation was properly promulgated as required by Title 5
U.S.C. 553.  Plaintiff asserts that while this issue has been
presented to the BOP for two years, calling for correction of mis-
information in Molzen's file that is being used to his detriment,
administratively and otherwise, defendant agency has yet to instruct
Molzen of this exemption.  In fact, to the contrary, the General
Counsel for the BOP has permitted such a right to challenge, by
stating in the untimely BP-11 response of November 8, 2006 that "an
inmate may challenge the accuracy of information in his central
file and is required to provide staff with sufficient information
in support of the challenge." (Defendant's Memorandum in Support,
Declaration of Teresa Marvel, Attachment 3).

      WHEREFORE plaintiff has traversed the above alleged facts
that defendant has deemed to be indisputable, he prays that this
Court take notice of above as evidence in support of plaintiff's
claim for relief.  As in all pleading in which one affixes his/her

3

signature, plaintiff provides that the above statements in rebuttal are true and correct, under the penalty of perjury, as allowed by Title 28 U.S.C. § 1746.

Respectfully submitted,

Dated: June 25, 2006

Michael Jay Molzen, pro se
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN    47808

4