*Original*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAY MOLZEN,                    )
            Plaintiff,                 )      Civil Case No. 05-2360(HHK)
                                       )
vs.                                    )
                                       )
                                       )
FEDERAL BUREAU OF PRISONS,             )
            Defendant.                 )

## ADDENDUM

Plaintiff, Michael Jay Molzen, pro se, respectfully sub-
mitts this Addendum in support of the motion, pleadings, and
papers submitted contemporaneously in reply to Defendant's Motion
to Dismiss Complaint or, in the Alternative, for Summary Judgment
to plaintiff's complaint under the Privacy Act now before this
Court.

I, Michael Jay Molzen, declare that the contents of this
Addendum are true and correct copies of the actual papers present-
ed as evidence in the above entitled civil cause. On this 25th
day of June, 2006.

Michael Jay Molzen, affiant
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN   47808

Plaintiff, pro se

PLAINTIFF ADDENDUM

EXHIBIT A

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

## Re: Michael Jay Molzen

26.    Ralph Christopher Neal: Neal was based in Texas and was responsible for the transportation of large shipments of marijuana to Minnesota. He is viewed as an average participant with respect to others involved in the conspiracy and is held accountable for 430 pounds of marijuana.

27.    **Michael Molzen:** Molzen was based in Minnesota. He was recruited by Pelchat. He assisted in the distribution of approximately 1,900 pounds of marijuana and is viewed as an average participant with respect to his codefendants.

28.    Manuel Olivarez, Jr.: Olivarez was based in Texas. He was recruited by Brown and assisted in the distribution of approximately 473.5 pounds of marijuana. He is viewed as an average participant with respect to his codefendants.

### Victim Impact

29.    Molzen caused a total of $10,427.36 in damages to three law enforcement vehicles during his flight. The League of Minnesota Cities Insurance Trust (LMCIT) reported the damage to the Lakeville Police Department vehicle as $3,166.24. The Hennepin County Sheriff's Office reported the total damages to their two law enforcement vehicles as $7,261.12.

### Adjustment for Obstruction of Justice

30.    The defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers. At the time of arrest, the defendant attempted to flee in his vehicle at a high rate of speed. During the flight, the defendant crashed into 3 separate law enforcement vehicles, requiring 2 officers to seek medical attention. As such, a 2-level enhancement is applied for reckless endangerment during flight. §3C1.2.

### Adjustment for Acceptance of Responsibility

31.    The defendant met Joseph Pelchat and Michael McDermott at the Nexus Treatment Center located in Minneapolis, Minnesota. The defendant spent time with McDermott and knew he was dealing marijuana so he stayed away from him.

PLAINTIFF ADDENDUM

EXHIBIT B

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District ov Columbia

AO245S (D.Minn. Rev. 3/93) Sheet 1 – Judgment in a Criminal Case copy in _____ sheet(s)
of the record in my custody.

CERTIFIED, _____ 20 __

Francis E. Dosal, Clerk

BY: _____

Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

v.

MICHAEL JAY MOLZEN

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-CR-25(02)(JMR)
Def. Counsel: Steven T. Grimshaw

The defendant pleaded guilty to Count 1 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 1,000 Kilograms of Marijuana | 1 |

The remaining counts of the Indictment touching this defendant are dismissed on motion of the United States.

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay a special assessment of $100.00, for Count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Steve Sur
651 282 9957

Defendant's SSN: 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

Defendant's DOB: December 31, 1957

Defendant's Mailing Address:
2375 Carter Avenue
St. Anthony Park, MN    55108

Defendant's Residence Address:
Same

Sentence Imposed:    November 30, 2000

JAMES M. ROSENBAUM, U.S. District Judge

DEC 0 6 2000

FILED:

FRANCIS E. DOSAL, CLERK

Dated:    December ____    2000

JUDGMENT ENTD _____

DEPUTY CLERK _____

AO245S (D.Minn. Rev. 3/93) Sheet 2 - Imprisonment

Defendant: MICHAEL JAY MOLZEN                    Judgment:  Page 2 of 5
Case Number: 00-CR-25(02)(JMR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 100 months.   Defendant shall receive credit for time served.

The Court recommends a federal correctional institution or a jail-type facility in the State of Minnesota for service of sentence.

The Court further recommends defendant be allowed to participate in the 500 hour drug treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____,

with a certified copy of this judgment.

_____
                                              United States Marshal

By _____
                                                  Deputy Marshal

13

Case 1:05-cv-02360-HHK    Document 18-4    Filed 07/05/2006    Page 7 of 65

AO245S (D.Minn. Rev. 3/93) Sheet 3 - Supervised Release

Defendant: MICHAEL JAY MOLZEN                    Judgment:   Page 3 of 5
Case Number: 00-CR-25(02)(JMR)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release
for a term of 4 years.

If this judgment imposes a fine, special assessment, costs, or restitution
obligation, it shall be a condition of supervised release that the defendant
pay any such fine, assessments, costs, and restitution that remain unpaid at
the commencement of the term of supervised release.  While on supervised
release, the defendant shall comply with all federal, state, and local laws;
comply with all rules and regulations of the probation office; abide by the
standard conditions of supervised release as recommended by the sentencing
commission; not possess any firearms or other dangerous weapons; submit to
periodic drug testing and participate in substance abuse treatment and
aftercare as directed by the probation office; shall comply with the standard
conditions that have been adopted by this court (set forth below); and shall
comply with the following additional conditions: (1) defendant shall commence
paying any restitution that remains unpaid at the start of the term of
supervised release; and (2) defendant shall participate in a psychological or
psychiatric counseling or treatment program, as approved and directed by the
probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court
   or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation
   officer and shall submit a truthful and complete written report within the first five days
   of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow
   the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation
   officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change
   in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess,
   use, distribute or administer any narcotic or other controlled substance, or any
   paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold,
   used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall
   not associate with any person convicted of a felony unless granted permission to do so by
   the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or
    elsewhere and shall permit confiscation of any contraband observed in plain view by the
    probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being
    arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent
    of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks
    that may be occasioned by the defendant's criminal record or personal history or
    characteristics, and shall permit the probation officer to make such notifications and to
    confirm the defendant's compliance with such notification requirement.

14

AO245S (D.Minn. Rev. 3/93) Sheet 6 - Restitution and Forfeiture

Defendant: MICHAEL JAY MOLZEN                    Judgment:   Page 4 of 5
Case Number: 00-CR-25(02)(JMR)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the total amount of $10,000:

| Name of Payee | Amount of Restitution |
|---|---|
| League of Minnesota Cities Insurance Trust | $3,036.47 |

Attn: Darlene Boese
145 University Avenue West
St. Paul, MN   55104-2044.
The Clerk of Court is directed to make the check payable to the City of Lakeville, and include reference no. 11029552.

| | |
|---|---|
| Hennepin County Sheriff's Office | $6,963.53 |

Attn: Debra J. Bernard
C-2000 Government Center
300 South 6th Street
Minneapolis, MN 55487
Claim No.: 42000130, File No.: 00-0084.
The Court waives the interest pursuant to 18 U.S.C. § 3612(f)(3).

Payments of restitution are to be made to the Clerk of Court for the District of Minnesota for disbursement to the victims.

Restitution shall be paid as soon as possible.

Payments shall be divided proportionately among the payees named.

Case 1:05-cv-02360-HHK    Document 18-4    Filed 07/05/2006    Page 9 of 65

AO245S (D.Minn. Rev. 3/93) Sheet 7 - Statement of Reasons

Defendant: MICHAEL JAY MOLZEN                    Judgment:    Page 5 of 5
Case Number: 00-CR-25(02)(JMR)

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report, except as indicated at the hearing.

**Guideline Range Determined by the Court:**

Total Offense Level:              29
Criminal History Category:        I
Imprisonment Range:               87 to 108 months
Supervised Release Range:         4 to 5 years
Fine Range:                       $15,000 to $2,000,000
Restitution:                      $10,000

No fine is imposed based on defendant's inability to pay.

Full restitution is not ordered for the reasons set forth at the hearing.

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.

PLAINTIFF ADDENDUM

EXHIBIT C

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. Becky Pease, Case Mgr. | 13/04/03 |
| FROM: | REGISTER NO.: |
| Michael Molzen | 09229-041 |
| WORK ASSIGNMENT: Ind. Prod. 3 | UNIT: Adams |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I spoke to Mr. Stammen about the unresolved issues of the greatest severity classification based on the conduct as stated in the PSI. I understand your position but find that the conduct is misrepresented in the PSI and wish to take steps to correct it. Mr. Stammen told me you are the one to provide the following information: 1) the program statement that provides that classification decisions are made upon the PSI only; 2) the reasons for regions denial of the lesser security transfer (was this the only reason?); and 3) If there are any CIM considerations involved in my case. Please advise

Thank you, MMolz

(Do not write below this line)

DISPOSITION:

If you want to have sections of your PSI assessed, you need to provide me with the paperwork that you think supports the change and I will attached a cover memo to the USPO in compliance with "Sellers vs BOP". Attached is the page out of the custody classification manual and how we score the "current offense" category. Also attached is the only paperwork I receive regarding your transfer denial. I

| Signature Staff Member | Date |
|---|---|
| BA Pease | 12-8-03 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94

receive nothing specific as to the regions decision to deny you. There are no CIMS concerns in this case.

offense. Staff shall consider the offense behavior of all
sentences, including federal sentences that have a future
beginning date or a prior state or D.C. sentence if there was no
**physical** release from custody.

Severity is determined by using the Offense Severity Scale
(Appendix B). Do not use this information to assign points on
the "history" items (numbers 5 and 6 on the Custody
Classification Form).

**In determining "Severity of Current Offense" staff shall review
the Statement of Reasons, if provided, (attachment to the
Judgment) and ensure the information provided is appropriately
used in classifying the inmate.**

**Table 8-2**

| SEVERITY OF CURRENT OFFENSE | |
|---|---|
| POINTS | SEVERITY |
| 0 | Lowest Severity |
| 1 | Low Moderate Severity |
| 3 | Moderate Severity |
| 5 | High Severity |
| 7 | Greatest Severity |

**Example:** According to the PSI, the individual was involved in an
Assault With Serious Injury (Greatest severity level) but pled
guilty to a Simple Assault (Moderate severity level). Assign the
points on the basis of the more severe documented behavior, i.e.,
assign 7 points (Greatest severity level). Do not use the
current term of confinement information to assign points on the
"history" items (numbers 10 and 11 on the Security Designation
Data section of the BP-337).

### PROCEDURES FOR PAROLE, MANDATORY RELEASE, SPECIAL PAROLE TERM, OR SUPERVISED RELEASE VIOLATOR

a. If the violation was the result of new criminal conduct,
regardless of conviction status, use the new criminal conduct for
scoring "Severity of Current Offense" (see Appendix B - Offense
Severity Scale). If the violation behavior was a technical
violation, score the "Severity of Current Offense" as low
moderate.

PLAINTIFF ADDENDUM

EXHIBIT D

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

*Tower II, 8th Floor*
*400 State*
*Kansas City, KS 66101-2421*

December 29, 2003

Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 1000
Oxford, Wisconsin 53952

Dear Mr. Molzen:

This is in response to your request to informally resolve your classification scoring concerns.

Informal resolution occurs at the institution level. The Warden or his designee has the authority to determine whether the documentation you have submitted is sufficient to warrant placement of a notation in your Pre-Sentence Investigation Report.

If you are unable to informally resolve your concerns at the institution, you may appeal the decision through the Administrative Remedy Program. You may get these appeal forms from your Correctional Counselor.

Sincerely,

J. M. Junk
Correctional Programs Administrator

PLAINTIFF ADDENDUM

EXHIBIT E

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

December 19, 2003


Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 1000
Oxford, WI   53952


Lisa Connolly
U.S. Probation Office
406 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415

RE:  United States v Michael Jay Molzen
     Case No. 00-CR-25(02) (JMR/FLN)

Ms. Connolly:

This is a request for correction of the PSI to reflect the district court's adjudication of the alleged events, reported in the PSI, surrounding the finding of Reckless Endangerment by your office.  During the sentencing hearing, the district court ruled against the characterization of Reckless Endangerment found in the PSI and instead found Obstruction of Justice.

I have always maintained I never acted in a violent manner during my flight from the arrest scene.  All my actions on the evening of January 3, 2000 were taken to avoid contact.  It was law enforcement that overtly and consciously used their vehicles as tools to prevent my flight on that evening.  This is supported by the affidavits of Officers Nelson and Wood, as well as by the Lakeville Police Department.

Again, my actions during this flight were taken to avoid contact, not initiate contact - violently, recklessly, or otherwise.  The district court ruling reflects this position.

You must be aware that the Bureau of Prisons (BOP) relies solely on the PSI when considering custody and placement.  Even though the district court recommended that the term of imprisonment be served in Minnesota, which is my release destination, the BOP designated me to a medium security facility in Oxford, Wisconsin (Minnesota facilities are designated low or camp).  I was informed that I must wait eighteen months in order to request a lesser security transfer.  Before reaching this time, my case worker was replaced and, at that time, I was not considered eligible for a transfer to a low security facility due to the computation of my custody points, relying heavily on the "violence" reported in the PSI in relation to this incident.

In August 2003 I finally pursuaded my current case manager to attempt a lesser security transfer, as my record is free of any disciplinary reports (clear conduct) and consistantly reported excellent ratings from employment and unit reviews.  The regional office considered this request and denied it without comment.  Upon further research into my file, and through staff requests, I find that the misrepresentation of facts contained in the PSI touching on this incident and the failure of the court to append the record to the PSI to indicate the findings contrary to those contained in the original PSI (though I have submitted the sentencing transcripts to verify this position, and continue to do so), is the reason for this denial.  I have been told that the BOP relies solely on the PSI and refers to it exclusively in matters such as this, even though I have provided a court records to show otherwise.  In order for the court's adjudication to be recognized by the BOP, the PSI must be ammended to reflect this ruling.

Molzen/Connolly, page 2

Federal rules of Criminal Procedure, Rule 32(c)(1), provides that factual inaccuracies contained in the PSI, as in this case, must be determined by the court and a "written record shall be appended to and accompany any copy of the presentence investigation report thereafter made to the Bureau of Prisons."

In addressing the failure of the classification team to consider the court record, in lieu of the erroneous PSI report, the counselor and case manager stated that only the probation officer can ammend the PSI to reflect the contrary finding by the court. 28 C.F.R. § 524.15 states: "An inmate may appeal, through the Administrative Remedy Program, a decision made at initial or at a program review." The counselor stated appeal would be futile, as policy is clear and strictly adhered to.

So, in order to avoid several months pursuing Administrative Remedy, which has already been deemed futile, or wasting already scarce judicial resources by moving the court for the required appending of the record already provided to institution officials, I ask that your review the attached sentencing transcripts and amend, or remove, the recommendation for Reckless Endangerment as found in the PSI currently used by the BOP.

In order to facilitate a timely transfer (requesting FCI-Waseca) from FCI-Oxford, I am providing copies of this request and its enclosures, to the Honorable James Rosenbaum (sentencing judge), Adams Unit Team and Warden Joseph Scibana (FCI-Oxford), and the North Central Regional Office of the BOP (classification committee) for concurrent consideration for the above stated relief.

I declare the above statements to be true and correct, and the attachments true and accurate, under the penalty of perjury, pursuant to 28 U.S.C. § 1746.

Thank you for your kind and prompt consideration in this matter.

Sincerely,

Michael Jay Molzen, affiant

ENC

cc:     Adams Unit Team; FCI-Oxford
        J. Scibana, Warden; FCI-Oxford
        The Honorable James Rosenbaum
        North Central Regional Office: BOP classification

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

CHAMBERS OF
JAMES M. ROSENBAUM
CHIEF JUDGE

300 SOUTH 4TH STREET, SUITE 15E
MINNEAPOLIS, MN 55415

January 6, 2004

Michael Jay Molzen #09229-041
Federal Correctional Institution
Box 1000
Oxford, WI 53952

Re: <u>United States of America v. Michael Jay Molzen</u>
Court File: 00-CR-25(2)

Dear Mr. Molzen:

I have your December 19, 2003, letter addressed to probation officer Lisa Connolly. As your letter indicates, an administrative remedy is available to address your concerns. I am unable to resolve the issues raised in your letter until you have exhausted the administrative remedy.

Very truly yours,

James M. Rosenbaum

PLAINTIFF ADDENDUM

EXHIBIT L

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*North Central Regional Office*
*Gateway Complex Tower II, 8th Floor*
*Kansas City, KS 66101-2492*

5/4/2005

Michael Molzen
USP
Terre Haute, IN 47808
Register No. 09229-041

RE: Freedom of Information Act/Privacy Act Request Number: 2005-05038

Dear Requestor:

This acknowledges our receipt of your Freedom of Information Act (FOIA) request. Pursuant to Title 28 C.F.R. ° 16.3, the filing of a FOIA/PA request is considered an agreement by you to pay all applicable fees charged under ° 16.11, up to $25.00. Regulations that may be pertinent to your request may be found at Title 28 C.F.R. Part 16, et.seq., and ° 513.30.

We have examined your request and have determined that the documents responsive to your request:

[ ] are voluminous (,and/)

[ ] contain information that originated from another agency or part of this agency requiring us, prior to releasing the documents, to consult with that agency or part of this agency (,and/)

[x ] are not yet available due to other unusual circumstances.
We currently have a backlog of requests.

Due to these unusual circumstances, pursuant to 28 C.F.R. ° 16.5 (c), we are extending the time limit for processing your request by ten days. Accordingly, we expect that we will be able to respond to your request no later than 6/15/05. Due to our backlog of requests it may exceed the expected reply date.

Any questions regarding this matter should be directed to LeeAnn Tufte at 913-551-1004.

Sincerely,

Daryl Kosiak
Regional Counsel

PLAINTIFF ADDENDUM

EXHIBIT M

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

Legal Department                                    Kansas City, KS 66101

May 25, 2005

Michael Molzen
Register Number 09229-041
United States Penitentiary
P.O. Box 33
Terre Haute, Indiana 47808

RE: Amendment of Records
    FOI/PA Request 05-05038

Dear Mr. Molzen:

This is in response to your above request for correction of records. Specifically, you indicate that your Pre-Sentence Investigation Report (PSR) contains inaccurate information which is being used to increase your classification score.

Pursuant to 28 C.F.R. § 542, Part B, Administrative Remedy Program, and Program Statement 1330.13, Administrative Remedy Program, the purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of any issue relating to any aspect of his/her confinement. Therefore, you may utilize the Administrative Remedy Program established at your institution to seek resolution of this problem.

Pursuant to Program Statement 1351.05, Release of Information, unit staff shall take reasonable steps to ensure the accuracy of challenged information in the Inmate Central File, particularly when the challenged information can be verified. Requests to correct records originated by other federal agencies shall be forwarded to that agency for appropriate action and the requester shall be immediately notified of the referral in writing.

If you consider my response to be a denial of this request, you may administratively appeal to the Assistant Attorney General, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, by filing a written appeal within 60 days from the date of this letter. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal," and should be addressed to the Office of Information and Privacy, U.S. Department of Justice, FLAG Bldg., Suite 570, Washington, D.C. 20530.

Sincerely,

Daryl Koslak
Regional Counsel

Page 1 of 1

PLAINTIFF ADDENDUM

EXHIBIT N

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

May 27, 2005


Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN    47808


Assistant Attorney General
Office of Information and Privacy
U.S. Dept. of Justice
Flag Building, Suite 570
Washington, DC    20530

    REF: Freedom of Information Act Appeal
        Amendment of Records Request 05-05038

Assistant Attorney General:

    I received a response from my request to address misinform-
ation in my Bureau of Prison (BOP) file, within the Presentence
Investigation Report, from the North Central Regional Office on
May 25, 2005.
    Within this response it stated that the Administrative
Remedy Program may be used to address this issue at the institu-
tion and that unit staff shall take reasonable steps to ensure
the accuracy of challenged information pursuant to Program State-
ment 1351.05.  I have brought the issue that the PSI contains
information that has been overruled by the sentencing court, but
that the information is still being used for classification pur-
poses to provide Public Safety Factor and increased custody that
precludes me from incarceration in my home state of Minnesota. I
initiated these requests prior to August 2003 and through subse-
quent Administrative Remedy appeals.
    The request for correction regards reported arrest conduct,
alleged in the PSI, requesting enhancement for "reckless endanger-
ment."  The sentencing court found differently, ruling in favor
of obstruction of justice rather that reckless endangerment. I
have presented this information through official transcripts for
verification.
    I consider the response of Daryl Koslak, BOP Regional Counsel,
to be a denial of my request for correction of information contained
in my BOP file. As such, consider this letter as a written appeal
of this action.


                           Respectfully submitted,

                           Michael Jay Molzen

Attachment 1
Page 2 (front)
THA 1330.13D

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana

## INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME Michael Molzen    REG. NO.: 09229-041 UNIT: 3 M

DATE/TIME COMPLAINT RECEIVED FROM INMATE: _____

NATURE OF COMPLAINT: Failure to correct information in my BOP

file found to be erroneous by the sentencing court. PSI alleged

reckless endangerment, the court ruled the conduct obstruction.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT. Privacy Act requests

for correction of record to FCI-Terre Haute Case Management Coor.,

and BOP General Counsel. Brought the issue to TEAM on May 5, 2005

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION
ATTEMPT   This issue is addressed in PS 1351.05  and Title 5

U.S.C. § 552a

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____
                                                    DATE

INMATE'S SIGNATURE: _____
                    SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                    RESOLUTION

Attachment 1

Attachment 1
Page 2
THA-1330.7S
10-25-94

SECTION III.    (UNIT TEAM REVIEW)

INFORMAL RESOLUTION WAS NOT ACCOMPLISHED:    (X) CHECK BOX

EXPLANATION FOR NON-RESOLUTION:    TO BE COMPLETED BY COUNSELOR

_Unable to resolve at this level._

_____

_____

_____

_____EXTENSION GRANTED ON:

_____

EXTENSION GRANTED BY:    _____
                              NAME AND TITLE

CORRECTIONAL COUNSELOR'S SIGNATURE: _____    DATE: 6/3/05

UNIT MANAGER'S COMMENTS, ASSISTANCE, AND REVIEW:

_____

_____

_____

_____

UNIT MANAGER'S SIGNATURE: _____    DATE:

DATE ADMINISTRATIVE REMEDY ISSUED:
         6/3/05

DATE ADMINISTRATIVE REMEDY RECEIVED BACK FROM INMATE:

_____

PLAINTIFF ADDENDUM

EXHIBIT O

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*

**JUN 1 4 2005**

Mr. Michael J. Molzen
Register No. 09229-041
Federal Correctional Institution, Unit 3 M-30
P.O. Box 33
Terre Haute, IN 47808

     Re: Request No. 05-05038

Dear Mr. Molzen:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on June 7, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1993**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                  Sincerely,

                  Priscilla Jones
                  Chief, Administrative Staff

PLAINTIFF ADDENDUM

EXHIBIT P

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

RECEIPT – ADMINISTRATIVE REMEDY

DATE: AUGUST 17, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MICHAEL JAY MOLZEN, 09229-041
      TERRE HAUTE FCI    UNT: 3    QTR: J02-029L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 378806-R1
DATE RECEIVED   : JULY 7, 2005
RESPONSE DUE    : AUGUST 6, 2005
SUBJECT 1       : SECURITY/CUSTODY CLASSIFICATION – EXCEPT PSF APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

PLAINTIFF ADDENDUM

EXHIBIT Q

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

RECEIPT - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 8, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MICHAEL JAY MOLZEN, 09229-041
      TERRE HAUTE FCI    UNT: 3      QTR: J02-029L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID        : 378806-A1
DATE RECEIVED    : AUGUST 30, 2005
RESPONSE DUE     : OCTOBER 9, 2005
SUBJECT 1        : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS
SUBJECT 2        :
INCIDENT RPT NO:

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

CHAMBERS OF
JAMES M. ROSENBAUM
CHIEF JUDGE

300 SOUTH 4TH STREET, SUITE 15E
MINNEAPOLIS, MN 55415

January 6, 2004

Michael Jay Molzen #09229-041
Federal Correctional Institution
Box 1000
Oxford, WI 53952

Re: <u>United States of America v. Michael Jay Molzen</u>
    Court File: 00-CR-25(2)

Dear Mr. Molzen:

    I have your December 19, 2003, letter addressed to probation
officer Lisa Connolly. As your letter indicates, an administrative
remedy is available to address your concerns. I am unable to
resolve the issues raised in your letter until you have exhausted
the administrative remedy.

                        Very truly yours,

                        James M. Rosenbaum

PLAINTIFF ADDENDUM

EXHIBIT F

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

MEMORANDUM

DATE: January 12, 2004

FROM: Michael Jay Molzen

TO: Ms. Becky Pease/Adams Unit Team

SUBJECT: Further efforts to provide
         recalculation of Custody Points
         and transfer to low security status


        Attached please find the response of the Correctional
Programs Administrator, J. M. Junk, BOP Regional Office,
addressing my request for informal resolution of the classifica-
tion scoring issues involving the findings of the sentencing court
over-ruling of the conduct provided in the PSI which is being
used to find greater custody classification and keeping me from
a low security transfer to Minnesota.
        On December 19, 2003, I mailed the request to amend the PSI
to Lisa Connelly, USPO, as instructed by Unit Team. I provided
copies of this request to all parties that would be involved in
correcting this problem. These included Warden Scibana, BOP
Regional Office, and the Honorable James Rosenbaum, sentencing
judge, as well as Adams Unit Team.
        The Warden's copy was returned to the Unit Team, via Unit
Manager Robinson, for informal resolution. I waived Warden
Scibana's review to allow Unit Team's request, with cover letter
complying to Sellers v BOP, to amend the PSI to the USPO to be
answered.
        The BOP Programs Administrator states in this reply that the
informal resolution sought occurs at the institutional level and
that the Warden has the authority to determine whether the
sentencing transcripts is sufficient to support a notation in the
PSI report to allow for lower custody classification. Based on
this determination, wouldn't be easier and more appropriate to
make this decision at the institutional level rather than having
the USPO change the PSI or involving the sentencing court in
providing the written factual findings to support it's ruling
against "Reckless Endangerment" and the associated conduct as
required by Rule 32, Federal Rules of Criminal Procedure?
        Should this institutional ruling be appropriate, the next
question is whether the "bare boned" ruling by the sentencing
court against this alleged conduct provided in the PSI is
sufficient to provide reclassification scoring to "moderate
severity" (3 custody points) as was given to my co-defendant
in this instant offense.
        The Regional Office response contradicts the information I
received by Counselor G. Stammen, which indicated that appeals
of classification decisions of this nature to the Warden and
the use of the Administrative Remedy Program would not be
applicable since the procedure used in these decisions were
"carved in stone."

Molzen/Adams Unit Team
page 2

I apologize for making such a big issue of this change of custody. However, family issues have been a source of great anxiety (parents are of advanced age and having medical issues) and find that a transfer to Minnesota (Waseca) will allow for greater family interaction, greater preparation for release, and completion of judge recommended DAP (Oxford's program will not allow participation until late 2004 or early 2005).

Thank you for your continued patience, kind consideration, and continued review of this matter

Michael Jay Molzen

cc:   P. Fredrick, CMC
      J.M. Junk, Regional Office
      Lisa Connelly, USPO
      The Honorable James Rosenbaum

January 12, 2004


Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 1000
Oxford, WI    53952


The Honorable James Rosenbaum
U.S. District Court Judge
15 E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN    55415


      RE:   United States v Michael Jay Molzen
           Case No. 00-CR-25 (FLN/JMR)


Judge Rosenbaum:

    Enclosed please find my further request for reclassification
from the BOP to allow transfer to FCI-Waseca (low security) based
on the adjudication of the "Obstruction of Justice" versus
"Reckless Endangerment" issue at my sentencing in your court.
This is being submitted to my Unit Team, with copies to those who
may have interest.
    I do not wish to take up too much of your time on this issue,
as I have already supplied you with a copy of my request for
changes to the PSI with the U.S.P.O., along with the sentencing
transcripts applicable to this issue.  However, this issue is of
great importance to me, as it pertains to the execution of the
sentence and, as such, I feel the need to keep you informed.
    I am presently working under the assumption that the
sentencing transcripts I have provided are adequate to allow the
change of custody I request, allowing the amendment of the PSI.
Should I be mistaken, and I am not able to address this issue
administratively, I may be required to move your court to make
written findings and to append the PSI as required by Federal
Rules Criminal Procedure 32.  See Poor Thunder v United States,
810 F.2d 817 (8th Cir. 1987).
    It is my understanding that you ordered Obstruction of
Justice due to my failure to stop once law enforcement was
identified and against Reckless Endangerment since my actions
were to avoid contact and not make it.  This is inconsistant
with the government's version as presented in the PSI.


                         Respectfully,

                         Michael Jay Molzen


cc: Lisa Connelly, U.S.P.O.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

CHAMBERS OF
JAMES M. ROSENBAUM
CHIEF JUDGE

300 SOUTH 4TH STREET, SUITE 15E
MINNEAPOLIS, MN 55415

January 26, 2004

Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 1000
Oxford, WI    53952

Re:  <u>United States v. Michael Jay Molzen</u>
     Court File: 00-CR-25(JMR/FLN)

Dear Mr. Molzen:

    I have received your letter dated January 12, 2004, concerning
your request for reclassification.

    As your judge, I am unable to respond or give you any legal
advice.  But in any case, I am unable to deal with matters such as
these on an informal letter basis.

                    Very truly yours,

                    James M. Rosenbaum

PLAINTIFF ADDENDUM

EXHIBIT G

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

March 10, 2004

Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 1000
Oxford, WI    53952

Lisa Connolly, USPO
U.S. Probation Office
406 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN    55415

> RE:    United States v Michael Jay Molzen
>            Case No. 00-CR-25(02) JMR/FLN

Ms. Connolly:

   Back in December 2003 I requested a correction of the PSI that
was forwarded to the BOP to reflect the district court's adjudica-
tion against reckless endangerment, as documented in the PSI, to
conduct consistant with obstruction of justice.  I included the
pertinent section of the sentencing transcripts to document this
adjudication.
   I have cited the requirement of Criminal Rule 32 in my prev-
ious request.  Please take into consideration that my judgment in
this case states that the "court adopts the factual findings and
guideline application in the presentence report, except as indic-
ated at the hearing." Judgment, p. 5.
   You must be aware that important decisions are made at the
institution based upon the contents of the PSI.  Therefore, when
there are disputes or contrary findings between the PSI and the
record of the court, the PSI and accompanying documents must
reflect the findings of the court. Poor Thunder v U.S., 810 F2d
817, 822-24 (8th Cir. 1987).
   Rule 32(c)(1) requires explicit determination on controverted
matters. U.S. v Shyres, 898 F2d 647, 659 (8th Cir. 1990).   The
court must append a written record of its findings or statements
to the PSI and make a copy available to the BOP.  U.S. v Garbett,
867 F2d 1132, 1136 (8th Cir. 1989).
   The rules governing correction of the PSI allows sending a
copy of the sentencing transcript with instructions to attach it
to the PSI on file under the provision that disputed matters must
be reduced to writing and attached to the PSI. See U.S. v Slaughter,
900 F2d 1119,1123 (7th Cir. 1990); U.S. v Blanco, 884 F2d 1577,
1580 (3rd Cir. 1989); and Doganiere v U.S., 914 F2d 165, 169 (9th
Cir. 1990).
   I have received a response from Chief Judge Rosenbaum to the
copy of this prior correspondence to your office.  He indicated
that since an administrative remedy is available to address this
issue through the institution, he is unable to resolve this problem
until the remedy is exhausted.

Molzen/Connolly p. 2

Ms. Pease informed me that she sent you a cover letter con-
forming to the dictates of Sellers v BOP.  In reviewing this case,
I find that this action may not apply in my situation as the
information to amend the PSI has yet to be provided - at least from
an appropriate source - such as your office or Judge Rosenbaum's
chambers.

What I ask now is that you confirm the validity of the section
of the sentencing transcript that contains the adjudication for
obstruction and against reckless endangerment that I sent with my
my request for amendment of the PSI and send a certified copy of
it to my case manager Becky Pease, Adams Unit, Box 500, Oxford, WI
53952-0500.  As the transcripts are silent as to the reasons for
the finding of the court that contradict the PSI, I will start an
Administrative Remedy on the issue of whether the transcripts, on
their face, are sufficient to provide the lower classification I
seek.

Please respond at your earliest convenience. Please keep in
mind that I am closing in on my last two years of incarceration and
it is my understanding that institution transfers will not be
approved when an inmate is within his last 18 months.

Thank you for you kind consideration in handling this matter.

                              Sincerely,

                              Michael Jay Molzen

cc: Becky Pease, Adams Unit Case Mgr.

PLAINTIFF ADDENDUM

EXHIBIT H

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United Stated District Court
for the District of Columbia



Federal Correctional Institution
Oxford, Wisconsin

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-229(13) (formerly BP-9); you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

DATE FORM ISSUED AND INITIALS
OF CORRECTIONAL COUNSELOR: _____        Unit: __Adams__
INMATE'S COMMENTS:

1. Complaint: Presenting that the present classification scoring of greatest severity 7, based upon the government's version of arrest conduct (reckless endangerment) found in the PSI, while the sentencing transcripts show a clear finding that the court found this conduct to qualify for obstruction of justice rather than that of reckless endangerment. Appendix B of the classification manual clearly shows that conduct to warrant greatest severity scoring must show intent to seriously injure to provide scoring of 7 custody points, while obstruction of justice, found in moderate classification, scores 3 points for any conduct of this type. This clearly allows for reclassification to provide for low custody scoring of 6 points overall.

2. Efforts made by you to informally resolve: I have made several requests to Unit Team for this reclassification, supplying transcripts and policy information, as well as legal and statutory basis, to support my claims for ajustment. I requested changes to my PSI from the U.S.P.O., with copies to the sentencing judge, as directed by Unit Team. I have further requested review from case management coordinator Ms. P. Fredricks.

3. Names of staff you contacted: Adams Counselor G. Stammen, Case Manager B. Pease, and Case Management Coordinator P. Fredricks.

Date Returned to Correctional Counselor: April , 2004

Michael Jay Moizen   April , 2004        09229-041
Inmate's Printed Name   Date          # Number              Inmate's Signature

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: Your PSI was reviewed and it has been decided that your score of seven for the current offense category on the custody classification form is accurate. Although you were convicted of a drug charge, your act way as recorded in the offense conduct portion of the PSI were described as aggressive and intimidating. Based on the seriousness of your actions, the current score is correct. Counselor could not resolve this complaint. BP-9 issued.

Inmate Signature/Date Informally Resolved
                                                    _____
                          OR                          Correctional Counselor
5-19-04 Date BP-229 Issued
                                          Reviewed: _____
                                                      Unit Manager

B-1

Distribution: If complaint is informally resolved; Counselor shall retain for six months. If complaint is NOT informally resolved forward original attached to BP-229 form to Attorney Advisor.

PLAINTIFF ADDENDUM

EXHIBIT I

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL JAY MOLZEN,

        Petitioner/Movant,

                            Criminal Case No. 00CR25 JMR/FLN

                            The Honorable James M. Rosenbaum

vs.                             Chief District Court Judge

UNITED STATES OF AMERICA,

        Respondent.

VERIFIED MOTION FOR EXPANSION OF THE RECORD
PURSUANT TO FEDERAL RULE CRIMINAL PROCEDURE 32

COMES NOW, Michael Jay Molzen, hereinafter "Molzen,"
proceeding in this matter pro se, and respectfully moves this
Honorable Court for an expanded record of it's ruling at
sentencing in 00CR25-02 JMR/FLN in favor of obstruction of
justice, rather than reckless endangerment as recommended by the
United States Probation Officer ("USPO") from allegations
presented by the U.S. Attorneys Office. Molzen also respectfully
asks that these written findings and amendments be appended to
the record already supplied to the Bureau of Prisons ("BOP") as
provided by Rule 32(c)(1) (1999), the rule in effect at the time
of this Court's ruling at Molzen's sentencing on November 30,
2000 in 00CR25-02 JMR/FLN (Currently Rule 32(i)(3)(C) F.R.Cr.P.).

Molzen is providing this claim for relief in the form of a
verified motion, declaring the entire motion true and correct
under the penalties of perjury as provided by Title 28 U.S.C. §
1746.

B-3.   Molzen has exhausted his administrative remedy and now
seeks judicial relief through this Honorable Court pursuant to
Rule 32, F.R.Crim.P..

Molzen has continually maintained that he did not realize
that law enforcement was involved when he participated as a
driver during the off-loading of marijuana the night of his
arrest.  He fled what he believed a life threatening situtation
when several armed men ran towards him with guns drawn.  It was
dark and these men were in plain clothes.  When Molzen attempted
to flee the area, an unmarked SUV swerved into Molzen's lane and
right of way, hitting Molzen head-on.  Concerned that he was
still being pursued by several armed men, and that the SUV may be
working in concert with them, Molzen reversed his disabled
vehicle and fled around the unmarked SUV, which was at the bottom
of an inclining ramp leading to the lower parking area where the
off-loading occured.

Before Molzen could turn back into the right lane another
unmarked truck-type vehicle crested the top of the ramp traveling
at a high rate of speed.  This vehicle proceeded towards Molzen
without any indication of slowing or braking.  Molzen veered to
the left, up a bank and off the roadway.  This second vehicle
struck Molzen behind the front door on the right side of the
Suburban Molzen was driving.  Molzen continued to panic and
maintained his flight.

After cresting the top of the ramp, and immeadiately before
the squad rammed the Suburban broadside, Molzen notice the marked
police car with lights activated traveling at a high rate of

4

speed. It was only then that Molzen fully realized that he may be involved in a police action. Rather than stop, Molzen continued to flee, now to avoid arrest.

Upon reaching the county road, immediately adjacent to the drop site, Molzen's vehicle was becoming increasingly more disabled. The damage from the first collision had now shredded the Suburban's front tires. Still in a panic, Molzen continued down the county road - in low gear with both front tires flat. Molzen met no traffic, from either side of the road. Several law enforcement vehicles were following, with lights activated, at a distance of approximately 1/4 mile. There was no marked attempt to overtake Molzen.

Once the panic and adrenaline subsided, Molzen realized the gravity of his situation with law enforcement - that he had been driving in low gear, had three flat tires, and had been running without lights. Molzen pulled over and did not resist arrest.

These are the facts as Molzen experienced them. The allegations in the PSI, as well as those presented by Pre-Trial Services at the preliminary hearings (see exhibit C), are directly opposed to these facts and unsupported by any evidence. Molzen's every action were to avoid confrontation and contact and were based on what he believed, initially, as a life threatening situation. When interviewed by USPO Connolly, Molzen communicated his deep felt remorse for the outcomes arising from his arrest conduct and acknowledged his responsibility under the law, due to his involvement in the criminal activity leading to his arrest, but not the allegations as were provided in the PSI.

5

Defense counsel refused to advocate Molzen's position during plea negotiation, on entering the change of plea, or upon receipt of the PSI. Counsel alleged that AUSA Lackner communicated that no other plea agreement would be accepted and any objection to the PSI would be met with a recommendation of a sentence of 20 years from the U.S. Attorneys Office. However, upon the court's findings at sentencing, Molzen felt satisfied that the court looked beyond this conduct in it's ruling contrary to the allegations in the PSI, finding instead obstruction of justice, so Molzen did not object or challenge this situation directly or collaterally.

However, at the time of sentencing in this instant case, Rule 32(c)(1) (1999) required that factual inaccuracies contained in the PSI, as determined by the court, be provided by the record and a "written record of these findings and determinations must be appended to any copy of the [PSI] made available to the [BOP]. Rule 32(c)(1)(1999). See also <u>Poor Thunder v United States</u>, 810 F.2d 817, 822-24 (8th Cir. 1987) (When there is a contrary finding between the PSI and the record of the court, the PSI and the accompanying documents must reflect the findings of the court.) Unfortunately, upon the review of his "main file," Molzen found this requirement was overlooked. Molzen is now prejudiced by this oversight.

<u>Poor Thunder</u> is authoratative by stating that important decisions concerning a prisoner's treatment and placement are made in reliance on information contained in the PSI. The accuracy of the matters contained in the PSI must be resolved and

6

PLAINTIFF ADDENDUM

EXHIBIT J

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Case Management Coordinator | DATE:  04/18/05 |
|---|---|
| FROM:  Michael Jay Molzen | REGISTER NO.:  09229-041 |
| WORK ASSIGNMENT:  Unassigned | UNIT:  3 M |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

For consideration for TEAM review and classification purposes, I claim that my BOP file
contains erroneous information (PSI detailing "reckless endangerment"). This information
was found to be inaccurate by a judicial finding during my sentencing, where it was ruled
that the arrest conduct was to be classified as "obstruction of justice" not "reckless
endangerment." (Transcripts will be provided). I would like my BOP file ammended to
strike the language in the PSI detailing "reckless endangerment" and replacing it with
the District Court finding of "Obstruction of Justice." This is to be considered a formal
challenge to the accuracy of my BOP file, pursuant to Sellers v BOP and 5 U.S.C. 552a
(Privact Act), and respectfully request that "greatest severity" offense classification
be withdrawn to allow low custody classification and transfer to FCI-Waseca per near
release and judicial recommendation. Thank you.   cc: 3 M Unit Team

(Do not write below this line)

DISPOSITION:

Signature Staff Member | Date

Record Copy - File; Copy - Inmate
This form may be replicated via WP        This form replaces BP-148...., dated Oct 8[?]
                                          and BP-S148.070 APR 94



BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Case Management Coordinator | DATE: May 10, 2005 |
|---|---|
| FROM: Michael Jay Molzen | REGISTER NO.: 09229-041 |
| WORK ASSIGNMENT: Ind./Terry Mill | UNIT: 3M   Cell #30 ✓ |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On April 18, 2005, I placed a formal request to correct information found in my BOP file in the institution mail system addressed to "case management coordinator." Title 5 U.S.C. § 552a(d)(2), subsections (A) and (B) require such requests for correction be acknowledged within ten (10) days, with prompt correction mad or refusal to make such a correction communicated to me. This has not been done at this time.

In anticipation of this request being refused or ignored, I am now requesting that a review of your (BOP) position to refuse or ignore this request for correction at your earliest convenience, not to exceed 30 days. Thank you for your kind consideration in timely handling this matter. The above is provided under penalty of perjury to be true and correct. 28 U.S.C. § 1746. _Michael Molzen_

(Do not write below this line)Michael Molzen, affiant

DISPOSITION: I did not receive your previous cop-out. You are requesting corrections to information found in your central file, yet you do not indicate what file material is incorrect. Please be specific in your request. I cannot address your concerns if you do not provide the necessary information.

| Signature Staff Member, | Date 5/16/05 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94


Printed on Recycled Paper

PLAINTIFF ADDENDUM

EXHIBIT K

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the Distric of Columbia

Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN   47808


General Counsel
Federal Bureau of Prisons
Privacy Act Section
320 First Street NW
Washington, DC   20534

          RE:   Privacy Act Challenge to Information
                Contained in BOP File

General Counsel:

     I am a federal inmate incarcerated at the Federal Correctional
Complex in Terre Haute Indiana.
     Pursuant to the principles provided in Sellers v BOP, 959 F.2d
307 (DC Cir. 1992), I wish to challenge the accuracy of information
contained in my BOP file, used, inter alia, in providing increased
custody classification scoring in my case.
     The PSI used by the BOP characterizes my arrest conduct in the
instant criminal case as "reckless endangerment." This allegation
was found incorrect by a neutral fact finder (sentencing judge),
who found the conduct to be "obstruction of justice," not "reckless
endangerment" as provided by the PSI.
     I have brought this to the attention of BOP officials at FCI-
Oxford (prior to my contested transfer to FCI-Terre Haute) in my
repeated attempts to gain a near release transfer to FCI-Waseca,
which is provided judicial recommendation. These officials refuse
to look to the facts presented outside the PSI, which it is ruled
to provide a Public Safety Factor for "greatest severity" offense
classification and four additional custody points. Even though I
have provided official transcripts that refute and correct this
information, as provided in Title 5 U.S.C. § 552a(e)(2), FCI-Oxford
has refused to correct this mischaracterization of arrest conduct
found in my PSI.
     I find the provisions of Title 5 U.S.C. § 552a clear in the
requirements of maintaining accurate records, and once information
is provided that corrects the contents of these records, it is the
agency's obligation, under law, to do so. Should the BOP continue
to intentionally ignore my requests for correction and rely upon
this misinformations in my custody classification, it will be liable
for money damages of not less than $1000.00, in addition to legal
fees and other damages, should this have be be brought before the
U.S. District Court as provided by Title 5 U.S.C. § 552a(g)(4)(A).
     As I have yet present this issue as a "Privacy Act Challenge"
I do so now with your office, as I have with the case management
coordinator at this institution. It has been my continued wish to
be provided custody at FCI-Waseca to be closer to my family. Instead
I have been transfered even further away.

In conclusion, I request that all reference to "reckless endangerment" be strickened from my file, as the allegations presented in the PSI were specifically overruled in the District Court by a U.S. District Judge. Once these allegations are expunged from my file, I further request that I be allowed a expedited review of custody criteria and should this review allow for reduced custody classification scoring, that I be allowed a timely transfer to the state of my release and the facility recommended by the sentencing judge (FCI-Waseca).

I declare that all statements and records provided within this Privacy Act Challenge are true and correct, under the penalty of perjury, as provided by Title 28 U.S.C. § 1746, on this 27 day of April, 2005.


————————————————————————

Michael Jay Molzen, affiant


ENC

PLAINTIFF ADDENDUM

EXHIBIT R

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CR-25(2)(JMR/FLN)

United States of America     )
                             )
          v.                 )          ORDER
                             )
Michael Jay Molzen,          )

This matter is before the Court on defendant's motion for an expansion of the record pursuant to Fed. R. Crim. P. 32.

The Court has reviewed the matter and finds both the Judgment and Commitment Order and the sentence, as imposed, are condign. Accordingly:

Defendant's motion [Docket No. 231] is denied.

Dated:  November 18th, 2004

s/James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge

PLAINTIFF ADDENDUM

EXHIBIT U

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
PROBATION OFFICE

KEVIN D. LOWRY
Chief Probation Officer
300 S 4th St., Ste. 406
Minneapolis MN 55415-1320
612-664-5400
FAX 612-664-5350

316 N Robert St., Ste. 600
St. Paul MN 55101-1465
651-848-1250
FAX 651-848-1255

P.O. Box 1159
Bemidji MN 56619
888-766-2110
FAX 218-333-0102

515 W 1st St., Ste. 206
Duluth MN 55802-1302
218-529-3550
FAX 218-529-3546

118 S Mill St., Ste. 304
Fergus Falls MN 56537-2576
218-739-0041 or
612-664-5410
FAX 218-739-0043

Reply to:  Minneapolis

March 1, 2006

Mr. Michael Jay Molzen
Reg. No. 09229-041
P.O. Box 33
Terre Haute, Indiana  47808

Dear Michael Jay Molzen:

I am writing in response to correspondence received in this office regarding your presentence investigation report.  As you know, the presentence investigation report included an enhancement for reckless endangerment during flight.  During the sentencing hearing, the Court chose to apply an enhancement for obstruction of justice and did not apply an enhancement for reckless endangerment.  However, the Court did not indicate that the information contained regarding the conduct in the presentence investigation report which led to the enhancement was not factual.  The Court simply chose, as indicated in the transcript, to apply the Guidelines in your benefit.  The Court did not order the presentence investigation report to be amended for false information.  The Court chose to use the facts contained in the Offense Conduct section of the presentence investigation report to apply an enhancement for Obstruction of Justice and not the enhancement for Reckless Endangerment During Flight.

Sincerely,

Kevin D. Lowry
Chief U.S. Probation Officer

Lisa A. Connolly
U.S. Probation Officer
Officer's Telephone:  612-664-5355

LAC:ejw

PLAINTIFF ADDENDUM

EXHIBIT S

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5100.07
DATE: 9/3/99
SUBJECT: Security Designation and
Custody Classification
Manual

1.  **PURPOSE AND SCOPE.** To transmit a Manual of policy and
instructions for designating and redesignating inmates. Inmates
will be designated/redesignated to institutions based on:

- ▪ security criteria,
- ▪ inmate program needs, and
- ▪ other correctional administrative factors.

This Manual also provides instructions regarding inmate custody
classifications.

2.  **PROGRAM OBJECTIVES.** The expected results of this program
are:

a. Each Bureau institution will be assigned a security level
based on established criteria.

b. Inmates will be placed in facilities commensurate with
their security and program needs through an objective system of
classification.

c. Inmates and staff will live and work in environments made
safer by objective inmate classification guidelines applied with
sound correctional judgment.

d. The public will be protected from undue risk.

e. Planning and development of new institutions will be
enhanced by reliable data based on the security needs of the
Bureau's inmate population.

PROPERTY OF U.S.P.
TERRE HAUTE LAW LIBRARY

PS 5100.07
CN-2 1/31/2002
Chapter 8, Page 1

## CUSTODY CLASSIFICATION FORM INSTRUCTIONS - MALE (BP-338)

### INTRODUCTION

Custody classification is a procedure whereby inmates are assigned levels according to their criminal histories and institutional behavior/adjustment. An inmate's custody level is an indication of how much staff supervision is required for an inmate within and beyond the confines of the institution.

An inmate's initial custody classification shall be scored at the first program review following initial classification (approximately 7 months after arrival at an institution). Subsequent reviews shall occur at least every 12 months, but may be conducted earlier in order to enable progress toward community activities. Custody classification shall ordinarily occur in conjunction with every second program review.

Ordinarily, an inmate's security level and custody level shall be reviewed following any new sentence or sentence reduction, or any time a change in external factors or disciplinary action might affect the security or custody level.

When transferring to another institution, inmates normally retain their custody assignments. If the custody level is inconsistent with that authorized at the receiving institution, the sending institution shall change the inmate's custody prior to transfer. Holdovers shall retain their custody level assignments until received at the designated institution.

At each annual custody review, a new Custody Classification Form shall be completed, even though the scoring elements may not have changed from the previous form. Only the most current Custody Classification Form shall be retained in the Inmate Central File, except for those forms that must be retained to document appropriate review and approval for custody reductions (e.g., custody reductions for exception cases require the Warden, or designee, to sign the Custody Classification Form. The form should be maintained to document the review and approval). As set forth in the definition of maximum custody, Chapter 2, a BP-338 form changing custody to or from maximum custody must be permanently maintained.

It should be clearly understood that the Custody Classification Form only recommends an inmate's custody. The unit team and/or Warden is the final review authority. The intent of the Custody Classification system is to permit staff to use professional judgment within specific guidelines. Custody changes are not dictated by the point total. However, when the unit team decides not to follow the recommendation of the point total, they must

PS 5100.07
9/3/99
Chapter 5, Page 6

d.  No points shall be awarded for INS detainers.  However, each case shall be carefully reviewed to determine whether the PSF for Deportable Alien is applicable.

### Table 5-1

| | TYPE OF DETAINER |
|---|---|
| POINTS | DETAINER OFFENSE LEVEL |
| 0 | None/Deportation |
| 1 | Lowest and Low Moderate Severity |
| 3 | Moderate Severity |
| 5 | High Severity |
| 7 | Greatest Severity |

**Example:** For an individual with two detainers for Violation of Firearms Act (Moderate severity level) and one for Extortion (High severity level), use High = 5 points and enter "5" in the box in the right-hand column.

7.  **SEVERITY OF CURRENT OFFENSE.**  Enter the appropriate number of points in the box in the right-hand column to reflect the most severe documented instant offense **behavior.**  For multiple offenses, the highest score will be used in scoring the current offense.  Staff shall consider the offense behavior on all sentences, including federal sentences that have a future beginning date or a previous D.C. or state sentence if there was no physical release from custody.

Note: This will require CCM staff to make reasonable efforts to obtain documentation.

Severity is determined by using the Offense Severity Scale (Appendix B).  Do not use this same information to assign points on the History of Escape or Attempts/History of Violence items (numbers 10 and 11 on the Security Designation data section of the BP-337).

In determining "Severity of Current Offense" staff shall review the Statement of Reasons, if provided, (attachment to the Judgment) and ensure the information provided is appropriately used in classifying the inmate.

PROPERTY OF U.S.P.
TERRE HAUTE LAW LIBRARY

PLAINTIFF ADDENDUM

EXHIBIT T

MOLZEN V FEDERAL BUREAU OF PRISONS
Cause No. 05-2360(HHK)
United States District Court
for the District of Columbia

PS 5100.07
9/3/99
Appendix B, Page 3

| MODERATE SEVERITY |
|---|

Assault - other
Auto Theft - any
Breaking and Entering - any
Burglary - other
Child Abandonment - any
Contempt of Court - criminal contempt
Drugs Cocaine - greater than or equal to 400 gm, .4 K, or
    .88 lb
    Cocaine Base "Crack" - greater than or equal to 1 gm
    Hashish - greater than or equal to 11,000 gm, 11 K,
    or 24 lb
    Marijuana - greater than or equal to 25,000 gm, 25 K,
    or 55 lb
    PCP - greater than or equal to 4,000 mg, 4 gm, or .14 oz
    Heroin or Opiates - greater than or equal to 80 gm,
    .08 K, or .18 lb
    Methamphetamine - greater than or equal to 667 gm, .67 K,
    or 1.47 lb
    Other illicit drugs - Amphetamine, Barbiturates, LSD,
    etc. greater than or equal to 10,000 dosage units, .05 K,
    or .11 lb
Escape - walkaway from open institution, failure to appear/bail
    reform act, no threat of violence involved
Immigration Offenses - transportation of unlawful aliens
Obstruction of Justice - any
Property Offenses - over $250,000, includes theft, fraud, tax
    evasion, forgery, currency offenses
Sexual Offenses - other
Weapons - other

| MEASUREMENT CONVERSION TABLE | |
|---|---|
| 1 oz = 28.35 gm | 1 gm = 1 ml (liquid) |
| 1 lb = 453.6 gm | 1 liter = 1,000 ml |
| 1 lb = 0.4536 kg | 1 kg = 1,000 gm |
| 1 gal = 3.785 liters | 1 gm = 1,000 mg |
| 1 qt = 0.946 liters | 1 grain = 64.8 mg |

PROPERTY OF U.S.P.
TERRE HAUTE LAW LIBRARY

PROPERTY OF U.S. P.S.
TERRE HAUTE LAW LIBRARY

PS 5100.07
9/3/99
Appendix B, Page 1

**OFFENSE SEVERITY SCALE**

| GREATEST SEVERITY |
|---|

**Aircraft Piracy** - placing plane or passengers in danger
**Arson** - substantial risk of death or bodily injury
**Assault** - serious bodily injury intended or permanent or
   life threatening bodily injury resulting)
**Car Jacking** - any
**Drug Offense** - see criteria below*
**Escape** - closed institution, secure custody, force or
   weapons used
**Espionage** - treason, sabotage, or related offenses
**Explosives** - risk of death or bodily injury
**Extortion** - weapon or threat of violence
**Homicide or Voluntary Manslaughter** - any
**Kidnaping** - abduction, unlawful restraint, demanding or
   receiving ransom money
**Robbery** - any
**Sexual offenses** - rape, sodomy, incest, carnal knowledge,
   transportation with coercion or force for commercial
   purposes
**Toxic Substances/Chemicals:** - weapon to endanger human life
**Weapons** - distribution of automatic weapons, exporting
   sophisticated weaponry, brandishing or threatening use of
   a weapon

\*   Any **drug offender** whose current offense includes the following
    criteria shall be scored in the Greatest severity category:

    The offender was part of an organizational network and he or she
    organized or maintained ownership interest/profits from **large-scale**
    drug activity,

                        \*\*\*AND\*\*\*

    the drug amount equals or exceeds the amount below:

    **Cocaine** - greater than or equal to 10,000 gm, 10 K, or  22 lb
    **Cocaine Base "Crack"** - greater than or equal to 31 gm
    **Hashish** - greater than or equal to 250,000 gm, 250 K, or 551 lb
    **Marijuana** - greater than or equal to 620,000 gm, 620 K, or 1,367 lb
    **PCP** - greater than or equal to 100,000 mg, 100 gm, or 20,000 dosage
    units
    **Heroin or Opiates** - greater than or equal to 2,000 gm, 2 K, or 4.4 lb
    **Methamphetamine** - greater than or equal to 16,000 gm, 17 K, or 35 lbs
    **Other illicit drugs:** - Amphetamine, Barbiturates, LSD, etc. greater
    than or equal to 250,000 dosage units