UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JAY MOLZEN,<br>Reg. No. 09229-041<br>P.O. Box 33<br>Terre Haute, IN 47808<br><br>                Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS<br>320 First Street, N.W.<br>Washington, D.C. 20534<br><br>                Defendant. | Civil Action No. 05-2360(HHK) |

### DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Federal Bureau of Prisons, by and through undersigned counsel, respectfully submits a Reply in support of Defendant's Motion to Dismiss. ("Def's. Motion").

Plaintiff's opposition is insufficient to avoid dismissal. Basically, plaintiff has simply repeated the allegations made in his complaint without attempting to respond to the arguments contained in defendant's motion to dismiss. To the degree that plaintiff has responded to some of defendant's arguments, the responses are insufficient to defeat defendant's motion to dismiss. Thus, defendant is entitled to dismissal of plaintiff's lawsuit on the grounds of lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As a matter of law, plaintiff in this case can prove no set of facts entitling him to relief – the records he challenges are exempt

from the accuracy requirements in subsection (e)(5) of the Privacy Act. See 28 C.F.R. § 16.97(j) (effective August 9, 2002); Barbour v. United States Parole Comm'n, No. 04-5114, 2005 WL 79041, 1 (D.C. Cir. Jan. 13, 2005); Skinner v. United States Dep't of Justice, No. 04-1376RWR, 2005 WL 1429255, 2 (D.D.C. June 17, 2005); Mitchell v. Bureau of Prisons, 2005 WL 3275803, 4 (D.D.C. Sept. 30, 2005); and Fisher v. Bureau of Prisons, No. Civ. Act. 05-0851, 2006 WL 401819 (D.D.C. Feb. 21, 2006).

> A.    **BOP Records Are Exempt Under the Privacy Act**

As stated in defendant's motion to dismiss, the BOP has properly exempted its Inmate Central Record System, where pre-sentence reports are maintained, from the Privacy Act's amendment requirements. See 28 C.F.R. §16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998); and Deters v. U.S. Parole Commission, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996).

An agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act (except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i)), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2)(C). Pursuant to this authority, federal regulations specifically exempt BOP's Inmate Central Records System from subsections (c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), and (e)(8), (f) and (g). See 28 C.F.R. § 16.97(a)(4). In particular, the security and custody classification information, which is part of the Inmate Central Records System, is

exempt from the amendment provisions. See 28 C.F.R. § 16.97; White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998).

Section 28 C.F.R. § 16.97 provides:

> "The following system of records is exempted pursuant to 5 U.S.C. 552a(j) from subsections (e)(1) and (e)(5): Bureau of Prisons Inmate Central Records System, (Justice/BOP-005)."

The reasons for the BOP's decision to exempt 552a(e)(1) and (e)(5) are found in subsection (k) of the regulation. Subsection (k)(1) and (2) provide in part:

> From subsection (e)(1) to the extent that the Bureau may collect information that may be relevant to the law enforcement operations of other agencies. In the interests of overall, effective law enforcement, such information should be retained and made available to those agencies with relevant responsibilities.
>
> From subsection (e)(5) because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the passage of time, and could be relevant to future law enforcement decisions. In addition, because many of these records come from the courts and other state and local criminal justice agencies, it is administratively impossible for them and the Bureau to ensure compliance with this provision. The restriction of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public.

Therefore, injunctive relief is not available for claims involving inmate central records under the amendment provision of the Privacy Act, 5 U.S.C. § 552a(g)(1)(A). See White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring claim for amendment of pre-sentence report maintained in Inmate Central Records System); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (denying amendment claim because BOP regulations exempt agency from Privacy Act provision requiring inaccurate files to be amended);

3

Deters v. U.S. Parole Commission, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996); and Fendler v. United States Bureau of Prisons, 846 F.2d 550, 553 (9th Cir. 1988).

The records at issue here come from a system of records that have been properly exempted from the amendment provisions of the Privacy Act. Doe v. FBI, 936 F.2d 1346, 1352 (D.C. Cir. 1991) (no cause of action exists when agency has exempted records from amendment requirements). Consequently, plaintiff has no amendment claim under 5 U.S.C. § 552a(e)(1). Therefore, this court should dismiss this aspect of plaintiff's claims.

**B.    Plaintiff's Claim Against BOP is Barred by the Statute of Limitations**

Plaintiff states that his complaint against BOP under the Privacy Act is not time-barred, because he was in the process of exhausting his administrative remedies prior to filing suit. See Pl. Oppos., page 9. Plaintiff became aware of the allegedly false Presentence Report, at the latest, in October of 2003. Therefore, the two-year statute of limitations for his Privacy Act claim based on these allegedly false records began to run in October 2003. Plaintiff filed this suit on December 8, 2005, nearly two months after the two-year statute of limitations had run in October 2005. Plaintiff has failed to establish any basis for applying the doctrine of equitable tolling in this case. Accordingly, the Court should dismiss any accuracy claim under 5 U.S.C. § 552a(g)(1)(C) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. See Griffin v. U.S. Parole Comm'n 192 F.3d 1081, 1082 (D.C. Cir. 1999) ("Failure to file within the statute of limitations is jurisdictional.").

**C.    Defendant BOP Has Not Waived Its Privacy Act Exemption**

Plaintiff argues that this Court should find that BOP constructively waived its exemption from the Privacy Act because the existence of the exemption was never brought to his attention

during the administrative remedy process. The simple problem with this argument is that the decision on the waiver provision is for BOP to make, not plaintiff or the Court. See 28 C.F.R. § 16.97(k) ("it may be appropriate to permit individuals to contest the accuracy of information . . . [and] the applicable exemption may be waived, either partially or totally, by the Bureau."). Nothing in the waiver provision indicates any intention by BOP to create judicially enforceable standards that would effectively function as exceptions to the exception. Instead, the regulation's waiver provision enables BOP to make corrections in simple, obvious cases, without undoing the exemptions from the Privacy Act established by the rest of the regulation.

The remainder of plaintiff's arguments regarding BOP's exemption of the relevant system of records (the Inmate Central Record System, JUSTICE/BOP-005) from the Privacy Act's correction, accuracy, and damages provisions lack merit.

## CONCLUSION

For the reasons set forth in defendant's motion to dismiss, as well as those set forth herein, plaintiff can prove no set of facts to support his claims relating to records that are exempt from the Privacy Act. Additionally, plaintiff's Privacy Act claim is outside the statute of limitations. Accordingly, this Court should dismiss this case with prejudice for failure to state a claim.

Respectfully submitted,

\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

**CERTIFICATE OF SERVICE**

_____I certify that on the 25th day of July, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

MICHAEL JAY MOLZEN
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN 47808

                                      /s/_____
                                    DIANE M. SULLIVAN
                                    Assistant United States Attorney