IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JAY MOLZEN,
    Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS,
    Defendant.

Civil Case No. 05-2360(HHK)

MOTION TO STRIKE DEFENSES IN RESPONSIVE PLEADING

    COMES NOW plaintiff, Michael Jay Molzen, pro se, and moves this Honorable Court to strike Defendant's Reply in Support of Defendant's Motion to Dismiss, and the defenses contained within, as being redundant and insufficient as provided by Federal Rule of Civil Procedure (F.R.Civ.P.) 12(f).

    In support of this Motion to Strike, plaintiff offers the following facts in support:

I. THE CLAIM

    Plaintiff presents a claim pursuant to the Privacy Act of 1974, under Title 5 U.S.C. §§ 552a (e)(5) and (g)(1)(C). The claim presented in this action is the Federal Bureau of Prison's (BOP) wilfull failure to acknowledge a verifiable ruling from the U.S. District Court addressing objections to the presentation of alleged arrest conduct in the presentence investigation report (PSIR). The PSIR alleged that plaintiff's conduct amounted to reckless endangerment. The court disagreed, finding instead non-violent obstruction of justice.

RECEIVED
AUG 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The BOP used the allegations found in the PSIR to classify plaintiff's instant offense as a violent, greatest severity offense where it would have otherwise found a non-violent moderate severity offense. This finding was also used to classify plaintiff with a "Public Safety Factor." Upon discovering the reasons for such a classification, plaintiff sought correction of the allegations presented in the PSIR by presenting transcript record of the court's ruling against reckless endangerment promoted in the PSIR. The BOP wilfully refused to consider any material outside the PSIR in making, or changing, custody and classification decisions. This caused an adverse determination for custody outside the plaintiff's state of release and that provided by judicial recommendation (Minnesota) which would have allowed for increased opportunities for personal visits from family and allowed greater opportunities for educational benefits.

## II.  JUDICIAL REVIEW OF PRIVACY ACT CLAIMS

The D.C. Circuit holds that "As long as the information contained in an agency's files is capable of being verified, then under [5 U.S.C. §§ 552a(e)(5) and (g)(1)(C)] of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. If the agency wilfully or intentionally fails to maintain its records in that way and, as a result, it makes a determination adverse to an individual, then it will be liable to that person for money damages." Sellers v Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992).

The D.C. Circuit has further held that "The [Privacy] Act

2

provides that an individual seeking amendment of his records on the grounds that they are not accurate, relevant, timely, or complete must request such amendment by the agency. After receiving such request the agency must either amend the individual's records or inform him of its reasons for refusing to do so, provide for agency review of the refusal, and notify him of his right to seek judicial review. Exhaustion of these administrative remedies is a prerequisite to bringing civil suit to compel amendment." <u>Nagel v U.S. Department of Health, Educ. and Welfare</u>, 725 F.2d 1438, 1440-41 (D.C. Cir. 1984).

### III. DEFENDANT'S MOTION TO DISMISS

In response to plaintiff's complaint pursuant to the Privacy Act, the BOP, through the U.S. Attorney's Office for the District of Columbia, answered with a Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment. In this motion, the defendant alleged the following defenses to support a request for summary judgment and dismissal:

1)  That the plaintiff does not state a claim upon which relief can be granted;

2)  That plaintiff's claims are barred by the statute of limitations;

3)  That plaintiff cannot "collaterally attack" an agency decision through the use of the Privacy Act;

4)  That the plaintiff's central file contained within the BOP are exempt from Privacy Act claims; and

5)  That the plaintiff must show a Due Process violation

in order to show an "adverse determination" under the Privacy Act.

IV.  PLAINTIFF'S RESPONSE TO REQUEST FOR SUMMARY JUDGMENT

Plaintiff responded to defendant's request for summary judgment as allowed by F.R.Civ.P. 56(c) and court order through the submission of affidavits and comprehensive legal memorandum rebutting these defenses as being insufficient and misapplied to the facts in this instant case. A summation of plaintiff's traverse is as follows:

1)   That the facts of this instant case do state a claim upon which relief can be granted;

2)   That the defendant misstates the provisions of the limitation period in 5 U.S.C. § 552a(g)(5), relying upon the <u>exception</u> to the general rule that "An action to enforce any liability created under this section may be brought ... without regard to the amount in controversy, within two years from the <u>date on which the cause of action arises</u>." (emphasis added) (See Plaintiff Memorandum, p. 9).

Plaintiff cites authority that provides that the "cause of action" is ripe when "a party has exhausted all administrative remedies to all claims presented in the suit." <u>Id.</u>, p. 9-10, citing <u>Spannaus V U.S. Dept. of Justice</u>, 842 F.2d 52, 56-7 (D.C. Cir 1987).

Defendant originally stated within the Motion to Dismiss that the limitation period starts "at any time within two years after discovery by the individual of the misrepresentation." (Motion to Dismiss, p. 6)  The defendant fails to provide that this "out of context" quotation applies only to the exeption to the general rule

4

and to cases where "an agency materially or wilfully misrepresents information that is required to be disclosed to an individual ..." Defendant does not make a case that this claim presents an issue for mandatory disclosure of information under this rule, or whether such a challenge would be exempt from the long standing rule for exhaustion of administrative remedies.

Further research into this legal issue would have provided that "Actions for the correction or disclosure of records are premised on a refusal by the agency to grant relief, meaning that plaintiffs must initiate and exhaust available administrative r;emedies before bringing suit." 15 Federal Procedure, Lawyers Ed. § 38:335 (1983). The D.C. Circuit supports this rule by holding that "it is well settled that resort to judicial process must ordinarily be postponed until administrative remedies capable of rectifying claimed error have been pursued to finality." Wallace v Lynn, 507 F.2d 1186, 1189 (D.C. Cir. 1974). The Supreme Court, as well, has "long acknowledged the general rule that parties exhaust administrative remedies before seeking relief from the federal courts." McCarthy v Madigan, 117 L. Ed. 2d. 291, 299 (1992).

3) That the position of the defendant that plaintiff cannot collaterally attack an agency decision through the use of the Privacy Act, and how this complaint is such a collateral attack, is unsupported in the Motion to Dismiss. Plaintiff finds not facts being presented that indicate that he is challenging his criminal judgment, sentence, or conviction. Plaintiff is merely trying to have the BOP acknowledge a ruling of the sentencing court that directly impacts on the application of information contained with-

5

in his central file that is being used to classify and determine custody while incarcerated in the BOP by order of that U.S. District Court.

4) That defendant claims that this claim for damages must be dismissed as the BOP is exempt from keeping accurate records. Plaintiff rebutted this assertion as being provided "out of context" and required the full reading of the regulation and the facts of the case to test the sufficiency of this defense.

Defendant refuses to acknowledge that a full reading of the exemption regulation allow for full or partial waiver. 28 C.F.R. 16.97(k) states: "Where compliance [of § 552a(e)(5)] would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected ... the applicable exemption may be waived, either partially or totally, by the Bureau." Plaintiff presented that the BOP allows such challenges to information contained within each individuals central file. See Memorandum, p. 16, quoting Program Statement 5800.11(c): "An inmate may challenge the accuracy of the information in his or her Inmate Central File." The Central Office of the BOP again cites this policy in the final administrative remedy response, dated November 9, 2005, by stating "an inmate may challenge the accuracy of information in his central file and is required to provide staff with sufficient information in support of a challenge ..." (Defendant's Memorandum in Support ..., Declaration of Teresa Marvel, Attachment 3).

Defendant fails to support this alleged exemption defense with

6

facts that support the use of this exemption--how it interferes with the law enforcement process or how it is not appropriate to contest this inaccurate information in plaintiff's file. It is clear from the administrative record presented by the defendant that the BOP made no attempt to claim this exemption from accurate record keeping, but instead provided that BOP policy allowed such challenges.

Defendant's mere assertions that "Nothing in the waiver provision indicates any intention by BOP to create judicially enforceable standards that would effectively function as exceptions to the exception. Instead, the regulation's waiver provision enable BOP to make corrections in simple, obvious cases, without undoing the exemptions from the Privacy Act established by the rest of the regulation," does not bear support by the plain language of the regulation, nor reasonable extention of it. Without valid and pointed discusion of agency intent of these exemptions, this defense must fail as insufficient and be struck from the pleadings in this case.

## CONCLUSION

Plaintiff is untrained and unsophisticated in ways of law and pleading. He can only access the legal material available to him at the institution's legal library and use whatever reason he has available to him to present this claim as meritorious and free from defenses from defendant. He has limited time to prepare the complaint and reply to defendant's alleged defenses. However he continues to apply to this task materials available to him in order to exercise his right under the First Amendment of the Constitution

7

of the United States "to petitioner the Government for a redress of grievances."

The Privacy Act of 1974, codified under Title 5 U.S.C. § 552a, requires the BOP to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The BOP has clearly violated this right by wilfully ignoring an U.S. District Court ruling implicating the validity of allegations within another court document, then using these allegations to make determinations of custody and classification within the BOP adverse to the needs of the plaintiff.

This instant motion from the defendant ignores plaintiff's traverse, bolstered appropriately with case authority from the D.C. Circuit, and continues to argue these insufficient defenses without any legal support. While plaintiff is pro se and a novice in ways of law, he finds this disturbing in the face of F.R.Civ.P. 11(b)(2) that "by presenting to the Court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, -- ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law." Plaintiff finds the continued use of, what he finds to be, insufficient defenses based upon "out of con-

text" reading of statute and regulation to be a violation of this rule and, plaintiff finds, appropriately struck from the proceedings as insufficient defenses, without merit considering the facts of this cause.

WHEREFORE plaintiff prays that this Honorable Court:

1) Grant this Motion to Strike Defenses in Responsive Pleadins, for good cause shown above;

2) Deny defendant requests for summary dismissal of this complaint which is supported by fact and law; and

3) Order plaintiff and defendant to proceed to a settlement conference to discuss an equitable settlement of the issues presented in this instant civil cause.

Respectfully submitted,

Dated: August 7, 2006

Michael Jay Molzen, pro se
Reg. No. 09229-041
P.O. Box 33
Terre Haute, IN   47808

CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true copy of the above Motion has been placed in the legal mail system at the institution, first class postage prepaid, addressed to: Diane Sullivan, AUSA, Office of the U.S. Attorney, Civil Division, 555 Fourth Street NW, Washington, DC   20530, this 8th day of August, 2006.

## ATTESTATION

I, Michael Jay Molzen, declare that the above Motion to Strike Defenses in Responsive Pleading and Certificate of Service are true and correct, under the penalty of perjury, as allowed under 28 U.S.C. § 1746.

_____
Michael Jay Molzen, affiant